(No. 48190.—

THE CITY OF CHICAGO, Appellee, v. THE FAIR EMPLOYMENT PRACTICES COMMISSION et al., Appellants.

*Opinion filed November 15, 1976.*

110

J. Stuart Garbutt, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Roseann Oliver, Assistant Corporation Counsel, of counsel), for appellee.

Thomas P. Stillman, of Chicago, for *amicus curiae* Mandel Legal Aid Clinic.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Eleanor Protas, an employee of the Department of Water and Sewers of the City of Chicago, filed a complaint with the Illinois Fair Employment Practices Commission alleging that she had suffered sex discrimination in connection with her employment. Attempts at conciliation failed and the matter proceeded to a hearing before the Commission, which held that discrimination had occurred. Additionally, the Commission, with one member dissenting, ordered that the City compensate complainant for reasonable attorney fees and expenses incurred by her in challenging the discrimination.

The City filed a complaint in the circuit court of Cook County seeking administrative review of that portion of the Commission's order which awarded attorney fees. The Commission moved to dismiss the action as untimely filed. The trial judge found no authority for the award, held the order void *ab initio* in that respect, denied the motion to dismiss, and entered judgment for the City. The Appellate Court for the First District affirmed (34 Ill. App. 3d 114), and we allowed leave to appeal.

The decision of the Commission was served upon the parties by certified mail on January 18, 1974. The complaint for administrative review was filed in the circuit court 39 days later on February 25. Under section 4 of the Administrative Review Act it is clear the complaint was not timely:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." Ill. Rev. Stat. 1973, ch. 110, par. 267.

Consequently, review would ordinarily be barred under section 2 of the Act:

> "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." Ill. Rev. Stat. 1973, ch. 110, par. 265.

The City argues, however, and the trial and appellate courts agreed, that the order of the Commission regarding the attorney fees was void and therefore subject to collateral attack at any time. The City does not dispute that the Commission had jurisdiction over the subject matter and the parties. Rather, it argues that the agency exceeded that jurisdiction in awarding fees since it is an administrative agency created by statute having only the powers conferred upon it, and the award of attorney fees is not one of those powers. Language is relied upon in our cases indicating that where a court has exceeded its jurisdiction, the resulting order or judgment is void.

We believe the jurisdictional rule applicable to the Commission is analogous to that governing the courts of limited jurisdiction and powers formerly existing in our pre-1964 judicial system. In the context of cases involving the validity of orders or judgments of those courts, this court has said: "A judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, *or which lacks the inherent power to make or enter the particular order involved,* is void, and may be attacked at any time or in any court, either directly or collaterally." (Emphasis added.) *Barnard v. Michael* (1945), 392 Ill. 130, 135. See also *People ex rel. Nordlund v. Association of the Winnebago Home for the Aged* (1968), 40 Ill. 2d 91, 94; *Buford v. Chief, Park District Police* (1960), 18 Ill. 2d 265, 271; *Thayer v. Village of Downers Grove* (1938), 369 Ill. 334, 339.

Since the Commission is a statutory creature, its

powers are dependent thereon, and it must find within the statute the authority which it claims. (1 Am. Jur. 2d *Administrative Law* sec. 70 (1962); *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 307; *People ex rel. Polen v. Hoehler* (1950), 405 Ill. 322, 326.) Such agencies have no general or common law powers. It is apparent, therefore, that the Commission was powerless to award attorney fees to Eleanor Protas unless statutory authority to do so exists. Absent such authorization, the Commission exceeded its jurisdiction with a void order.

The Commission argues that the description of the Fair Employment Practices Act and declaration of policy contained in it, when coupled with the section relating to remedies, demonstrate the legislative intent that the Commission have the authority to award attorney fees to successful complainants, for otherwise the economic level of persons typically suffering discriminatory treatment would preclude retaining counsel and financing proceedings under the Act. The result of this, the Commission urges, will be that the discriminatory practices will go unchallenged and the statute will be emasculated.

The fact remains, however, that "[t]he rule is also well established that attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof ***." (*Ritter v. Ritter* (1943), 381 Ill. 549, 553.) A like holding is found in the recent case of *Alyeska Pipeline Service Co. v. Wilderness Society* (1975), 421 U.S. 240, 44 L. Ed. 2d 141, 95 S. Ct. 1612. Despite the Commission's argument to the contrary, this rule is equally applicable, in our judgment, to proceedings before administrative agencies. *Turner v. Federal Communications Com.* (D.C. Cir. 1975), 514 F.2d 1354, 1356.

The remedies section of the Act (Ill. Rev. Stat. 1973,

ch. 48, par. 858.01(c)) upon which the Commission focuses as a source of authority contains the following provision:

"The commissioner or hearing examiner then shall state his recommendations in writing and, if he finds against the respondent, shall issue and cause to be served on such respondent and the complainant a recommended order requiring such respondent to cease and desist from the unfair employment practice complained of, *and to take such further affirmative or other actions with respect to the complainant as will eliminate the effect of the practice complained of.*" (Emphasis added.)

It is the emphasized language which is urged to warrant the allowance of attorney fees when construed in the context of the scope and purpose of the Act.

While the appellate court has upheld an award of compensatory damages ordered under this section (*A. P. Green Services Division of Bigelow-Liptak Corp. v. Fair Employment Practices Com.* (1st Dist. 1974), 19 Ill. App. 3d 875, 882), we find no suggestion that the legislature contemplated the award of attorney fees to the successful complainant. The grant of such authority representing, as it does, so great a departure from the "American Rule" followed in *Ritter* and *Alyeska* requires substantially more specific language, in our judgment, than presently exists in section 8.01(c). Relevant, also, is the fact that the General Assembly has expressly provided for attorney fee awards in other statutes pertaining to employment (*e.g.*, Ill. Rev. Stat. 1973, ch. 13, par. 13; ch. 48, par. 1012(a)) and presumably would have done so here had it so intended. Too, we note the appellate court and Attorney General have reached the same conclusion as we reach here. *Legg v. Illinois Fair Employment Practices Com.* (1st Dist. 1975), 28 Ill. App. 3d 932, 944-45; *A. P. Green Services Division of Bigelow-Liptak Corp. v. Fair Employment Practices Com.* (1st Dist. 1974), 19 Ill. App. 3d 875, 882-83; 1970 Ill. Att'y Gen. Rep. 210.

Finally the Commission contends it had authority to

award attorney fees under the "common benefit" exception to the "American Rule." (*E.g., Mills v. Electric Auto-Lite Co.* (1970), 396 U.S. 375, 24 L. Ed. 2d 593, 90 S. Ct. 616.) This exception, however, is founded on the inherent equity jurisdiction of the courts (*Sprague v. Ticonic National Bank* (1939), 307 U.S. 161, 164, 83 L. Ed. 1184, 1186, 59 S. Ct. 777, 779), and thus has no application to administrative agencies, whose powers are strictly confined to those granted in their enabling statutes.

We hold the Commission was without power to award attorney fees and that its order doing so was void and subject to the collateral attack made upon it in the circuit court. The judgment of the appellate court so holding is affirmed.

*Judgment affirmed.*