*In re* ESTATE OF GEROLD HECHT, Deceased.—(FIRST NATIONAL BANK OF BELLEVILLE, Adm'r of the Estate of Gerold Hecht, Petitioner-Appellee, *v.* ELLA KASCSAK, Respondent-Appellant.)

Fifth District   No. 77-548

Opinion filed August 8, 1978.

Elmo E. Koos, of Peoria, for appellant.

Wagner, Bertrand, Bauman & Schmieder, of Belleville (John D. Bauman, of counsel), for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

On September 12, 1977, the circuit court of St. Clair County entered an order requiring the appellant, Ella Kascsak, to vacate the premises claimed to be owned by the estate of the decedent, Gerold Hecht. The appellant entered a special and limited appearance and moved to vacate the order on the ground that the court lacked personal jurisdiction over her to enter an order requiring her to vacate the premises. The court

denied the appellant's motion, and it is from this order that the appellant seeks relief in this court.

The few available facts of this case are not in dispute. The appellant, Ella Kascsak, lived on the premises owned by the deceased. She did housekeeping work and was paid a salary of $96 a week. The appellant was living in the house at the time of this action, and had been living on the premises for some time, although for what period of time she had been living there is not in evidence.

A petition for possession of the premises was filed by the administrator of the decedent's estate, alleging that the appellant was on the premises and refused to allow the administrator or his officers and representatives onto the premises to carry out the administrative duties and dispose of the property of the estate. The petition sought to have the appellant permanently evicted from the premises and to allow the administrator to supervise her leaving the premises to insure that the appellant took only those possessions which were hers, and not any of the possessions of the estate.

No service was had on the appellant, and no notice whatsoever was given to her of the action for possession. The court summarily granted the peitition for possession without a hearing, and it was this order that the appellant sought to have vacated.

■■■ It is clear that the administrator in a probate action can petition the court for an order vacating the deceased's premises, and giving possession to the administrator of the estate. While the administrator may pursue a separate forcible entry and detainer action to do this, he also may bring an action for possession in connection with the probate proceedings. *Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 373 N.E.2d 1007.

The order in the instant case encompassed more than an order for possession. This order specifically commanded the appellant, who was known to the administrator, to vacate the premises.

Section 1—6 of the Probate Act of 1975 (Ill. Rev. Stat. 1975, ch. 3, par. 1—6) makes it clear, however, that probate proceedings are to be conducted in accordance with the provisions of the Civil Practice Act. And of course, it goes without saying that all proceedings must comport with the due process clauses of the United States and Illinois constitutions.

Due process requires that in order for an individual to have a judgment rendered against him, or have his rights or interests in life, liberty or property affected, that person must be served with notice, have an opportunity to defend his interests, and present his case in an orderly hearing. (*Orton Crane & Shovel Co. v. Federal Reserve Bank* (1951), 409 Ill. 285, 99 N.E.2d 14; *Pettigrew v. National Accounts System, Inc.* (1966),

67 Ill. App. 2d 344, 213 N.E.2d 778.) The due process clause prohibits the court from affecting the interests of a party without having personal jurisdiction over that party. (*Illinois Crime Investigation Com. v. Buccieri* (1967), 36 Ill. 2d 556, 224 N.E.2d 236.) The due process clause forbids a court from entering a decree which affects the interests of a party who is not before that tribunal. *Clark v. Village of Milan* (1972), 3 Ill. App. 3d 569, 377 N.E.2d 895.

The appellant had a possessory interest in the premises in question. She had lived in the premises for some period of time prior to the death of the decedent. The true nature of the appellant's interest in the premises, other than the fact that she was presently in possession of the premises, is not clear; however, there is no allegation that she came into possession of the premises wrongfully, or with force, or by trespass.

Exactly what the parameters of the appellant's right to the premises are, is not known for the simple reason that appellant was not given an opportunity to present evidence in defense of her interest in the property.

This case is not like *Lescher*. In that case, the individual who was ordered to vacate the premises was a party in the probate proceedings, and had filed a general appearance in the action. She received adequate notice of the petition filed by the administrator for possession of the premises. In that it was stated:

> "Respondent was a party to the probate proceedings, admits that she had actual notice of the complaint for possession and participated generally in the proceedings by filing an answer to the merits of the complaint. It follows that respondent was accorded the fundamental fairness which due process requires." 57 Ill. App. 3d 776, 782, 373 N.E.2d 1007, 1012.

In the instant case, the "fundamental fairness which due process requires" was not afforded the appellant. No notice was ever sent to her, and no hearing was held wherein she could defend her interests or present her case. Because the court lacked jurisdiction over the person of the appellant, the order of the court ordering her to vacate is void and without effect. (*Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 343 N.E.2d 679.) The trial court erred in entering the order and should have granted appellant's motion to vacate the September 12 order.

By this opinion we are in no way intimating what interests, if any, the appellant has in continued possession of the premises in question. Nor are we saying that all orders for possession must be preceded by adequate notice to all persons. Our decision today is limited to the situation where a known party claims an adverse interest in the property of a decedent. In this circumstance, that party's interest cannot be affected without proper notice and an opportunity to be heard.

The order of September 12, 1977, is vacated, and the order denying plaintiff's motion to vacate is reversed and this case is remanded to the trial court for proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES and KARNS, JJ., concur.