(No. 51882.-

ILLINOIS BELL TELEPHONE COMPANY, Appellant, v. THE FAIR EMPLOYMENT PRACTICES COMMISSION *et al.*, Appellees.

*Opinion filed April 18, 1980.—Rehearing denied May 29, 1980.*

GOLDENHERSH, C.J., and CLARK, J., dissenting.

John W. McNulty, Stephen S. Schulson, Thomas H. W. Sawyer and Marc I. Lipton, of Chicago, for appellant.

Gary H. Palm, Amy Hilsman, Randolph N. Stone and Claire E. Pensyl, of the Mandel Legal Aid Clinic, of Chicago, for appellees Geraldine Rone *et al.*

Barbara J. Hillman, of Cornfield and Feldman, of Chicago, for appellee Gail M. Pratt.

PER CURIAM: This is an administrative review action brought by plaintiff, Illinois Bell Telephone Company, seeking to set aside findings of sex discrimination entered against it by defendant Fair Employment Practices Commission (FEPC). The alleged discrimination concerns Bell's refusal to extend disability benefits to defendants Geraldine Rone, Shirley Roe, Lenesta Lyles, and Gail Pratt during leaves of absence due to pregnancy in 1972 and 1973. Following receipt of the testimony of these defendants and other evidence from the parties, a hearing examiner recommended to the FEPC that the denial of benefits unlawfully discriminated against female employees on the basis of their sex (Ill. Rev. Stat. 1973, ch. 48, par. 853(a)). The FEPC adopted the recommendation of the hearing examiner and ordered Bell to cease and desist from further discriminating against pregnant women in its disability plan. The FEPC further directed Bell to pay disability benefits to the individual defendants for the periods of their disability and to reimburse the individual defendants for the payment of insurance premiums on company-funded policies, payments which were necessitated by Bell's refusal in include pregnancy in its disability plan. Bell filed a complaint for administrative review in the circuit court of Cook County. The circuit court reversed the decision of the FEPC, but on appeal by defendants, the appellate court reversed the judgment of the circuit court (68 Ill. App. 3d 829), holding that the denial of

benefits constituted unlawful sex-based discrimination. We granted Bell leave to appeal.

We are presented with the narrow issue of whether Bell's plan violated the State Fair Employment Practices Act as it existed at the time of the pregnancy leaves of absence in question, 1972 and 1973. Section 3(a) of the Act provides in pertinent part:

> "It is an unfair employment practice: (a) For any employer, because of the race, color, religion, sex, national origin or ancestry of an individual to refuse to hire, to segregate, or otherwise to discriminate against such individual with respect to hire, selection and training for apprenticeship in any trade or craft, tenure, terms or conditions of employment ***." (Ill. Rev. Stat. 1973, ch. 48, par. 853(a).)

We do not address the question of whether the plan violates the recently amended Federal Equal Employment Opportunities Act, which prohibits certain employment-related classifications based on pregnancy (Act of Oct. 31, 1978, Pub. L. 95–555 (to be codified in 42 U.S.C. sec. 2000e(k)), since that law was not in effect at the time here relevant.

According to a stipulation filed by the parties which summarizes Bell's disability policy, Bell operates a disability plan for its employees for periods of absence due to "medically approved sicknesses" and off-the-job injuries. No actual written plan is included in the record. A copy of a notice of eligibility used by Bell is included in the record in defendant Pratt's case, however, and it likewise indicates that coverage is limited to "illness" and off-the-job injuries.

According to the stipulation of the parties, complications arising from pregnancy are included in the plan, but pregnancy itself is not covered; Bell does not consider normal pregnancy to be a "sickness" within the meaning of its benefits plan. An employee requesting maternity leave therefore is not eligible for benefits unless complica-

tions arise. While on maternity leave, the employee does accumulate seniority for the first 30 days of absence. The employee's right to accumulate seniority is thereafter suspended, however, pending return to work. Previously accumulated seniority is retained. Bell also stops paying premiums on basic medical and supplementary group life insurance policies after 30 days.

Following its review of this plan and the evidence, the FEPC ruled that the exclusion of normal pregnancy was a form of sex discrimination prohibited by the Fair Employment Practices Act (Ill. Rev. Stat. 1973, ch. 48, par. 851 *et seq.*). Bell contends initially that the Fair Employment Practices Act is preempted by the Federal Employee Retirement Income Security Act of 1974 (ERISA), one section of which states that the Act's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ***." (29 U.S.C. sec. 1144(a) (1976).) We do not address this argument, however, as ERISA was not in effect (29 U.S.C. sec. 1381(a) (1976) (effective date of September 2, 1974)) at the time of the maternity leaves here in question, 1972 and 1973, and it could not be said that ERISA preempted State laws then applicable. We therefore proceed to the merits of defendants' claim of discrimination.

Where a claim of discrimination is made, an initial inquiry is whether the party claiming discrimination is similarly situated with those said to be receiving preferential treatment. (*Phillips v. Martin Marietta Corp.* (1971), 400 U.S. 542, 544, 27 L. Ed. 2d 613, 615, 91 S. Ct. 496, 497-98; see also *F. S. Royster Guano Co. v. Virginia* (1920), 253 U.S. 412, 415, 64 L. Ed. 989, 990-91, 40 S. Ct. 560, 561-62; *Reif v. Barrett* (1933), 355 Ill. 104, 121.) If the complaining party is, in fact, not similarly situated with those with whom he or she seeks to be compared, a vital prerequisite to a finding of discrimina-

tion is lacking. In applying this principle to the facts now before us, as stipulated by the parties, we conclude that the FEPC's finding of discrimination is without basis.

As the parties stipulate, the purpose of Bell's disability program is to provide benefits for "medically approved sicknesses" and off-the-job injuries. In this regard, it is significant to note that Bell does provide benefits for complications of pregnancy, as it recognizes these to be "sicknesses." (See *Winks v. Board of Education* (1979), 78 Ill. 2d 128, 140.) Pregnancy itself, however, is not a sickness (78 Ill. 2d 128, 140), and Bell justifiably refuses to consider it as such. As Bell argues in its brief, "Pregnant female employees, on the one hand, and male and female employees disabled by disease or injury, on the other, are not similarly situated." It was therefore improper for the FEPC to compare pregnancy with the sicknesses covered by the plan.

Defendants cite numerous decisions from other States in which the exclusion of pregnancy was held to be in violation of the antidiscrimination statutes of those States. Given the narrowly drawn facts before us, however, these cases are not in point. The disability plan of Bell purports to cover only sicknesses, and the exclusion of pregnancy is proper since it is not a sickness. The cases cited by defendants involved disability plans of broader coverage which inexplicably excluded pregnancy. (See, *e.g., Minnesota Mining & Manufacturing Co. v. State* (Minn. 1979), 289 N.W.2d 396, 397, *appeal dismissed* (1980), 444 U.S. 1041, 62 L. Ed. 2d 726, 100 S. Ct. 725 ("the exclusion of pregnancy-related absences from an otherwise comprehensive income maintenance plan is *per se* sex discrimination"); *Massachusetts Electric Co. v. Massachusetts Com. Against Discrimination* (1978), 375 Mass. 160, 168, 375 N.E.2d 1192, 1198 ("the exclusion of pregnancy-related disabilities, a sex-based distinction, from a comprehensive disability plan constitutes discrimina-

tion").) Significantly, we note also that the plan involved in the Minnesota case did not even cover complications of pregnancy as does Bell's plan (*Minnesota Mining & Manufacturing Co. v. State* (Minn. 1979), 289 N.W.2d 396, 397, *appeal dismissed* (1980), 444 U.S. 1041, 62 L. Ed. 2d 726, 100 S. Ct. 725) and that the plan involved in the Massachusetts case covered "male-specific disabilities" (*Massachusetts Electric Co. v. Massachusetts Com. Against Discrimination* (1978), 375 Mass. 160, 168, 375 N.E.2d 1192, 1198) while excluding pregnancy.

Defendants also ask us to consider the Federal experience in this area, citing Congress' amendments to the Equal Employment Opportunity Act (42 U.S.C. sec. 2000e *et seq.* (1976)) following the decision of the United States Supreme Court in *General Electric Co. v. Gilbert* (1976), 429 U.S. 125, 50 L. Ed. 2d 343, 97 S. Ct. 401. In *Gilbert,* the court held that a classification based on pregnancy is not gender-based and that then-existing Federal antidiscrimination provisions were not broad enough to prohibit the exclusion of pregnancy from a disability plan. By its amendment of the statute, Congress expressly prohibited treatment of pregnant women which differed from that afforded "other persons not so affected but similar in their ability or inability to work." (Act of Oct. 31, 1978, Pub. L. 95—555 (to be codified in 42 U.S.C. sec. 2000e(k).) Defendants argue that the intention of Congress, as expressed in this amendment, should be considered by us because Illinois' sex discrimination statute is patterned after Federal law. We reject the argument, however, as a legislative body cannot retroactively effectuate a change in statutory language by issuing a declaration of prior intent. (*Roth v. Yackley* (1979), 77 Ill. 2d 423, 428.) We do not reach the question of whether a classification based on pregnancy is gender-based, but we do agree with the decision in *Gilbert* insofar as it held that the statutory provisions relied upon were insuf-

ficient to support a finding of discrimination. See also *Harder v. Kansas Com. on Civil Rights* (1979), 225 Kan. 556, 560, 592 P.2d 456, 459-60; *Group Hospitalization, Inc. v. District of Columbia Com. on Human Rights* (D.C. 1977), 380 A.2d 170, 173-74; *Narragansett Electric Co. v. Rhode Island Com. for Human Rights* (1977), 118 R.I. 457, 463-64, 374 A.2d 1022, 1025; *Richards v. Omaha Public Schools* (1975), 194 Neb. 463, 232 N.W.2d 29.

While we do not believe that its presence requires a different result, we do deem it appropriate to acknowledge that a provision in the Illinois Constitution prohibits sex discrimination in employment (Ill. Const. 1970, art. I, sec. 17) and that the protection afforded by such a constitutionally based prohibition has been interpreted broadly. (*People v. Ellis* (1974), 57 Ill. 2d 127, 132-33 ("a classification based on sex is a 'suspect classification' which, to be held valid, must withstand 'strict judicial scrutiny' ").) The constitutional prohibition of sex discrimination, however, does not require us to broaden the common meaning of pregnancy or to find discrimination where the complaining party is not similarly situated with those said to be receiving preferential treatment. The antidiscrimination provisions of the Fair Employment Practices Act contain no provision broad enough to support the FEPC's finding of unlawful discrimination in this case. Its decision therefore is void and must be vacated. *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112-13.

Notwithstanding the restriction of coverage under Bell's plan to "medically approved sicknesses" and off-the-job injuries, defendants argue that the exclusion of normal pregnancy is improper because Bell extends disability coverage to employees under treatment for alcoholism, drug addiction and emotional disorders. Significantly, however, defendants do not contend that Bell is incorrect in recognizing alcoholism, drug addiction and emotional

disorders as "sicknesses" within the meaning of its disability plan. Defendants argue only that these disabilities are similar to pregnancy in that they are "voluntary" and that Bell therefore cannot exclude pregnancy while covering alcoholism, drug addiction and emotional disorders. We are not so sure that emotional disorders are properly denominated a "voluntary" disability, but in any event, we do not concur in the comparison that defendants make. We approve of the exclusion of pregnancy from Bell's plan, not because it is a "voluntary" disability, but because it is not a "sickness."

We also note that the stipulation of the parties states that alcoholism and drug addiction qualify as disabilities under Bell's plan only if the employee cooperates and agrees to therapy, including specialized hospital treatment and counseling sessions. Also according to the stipulation, those suffering emotional disorders must obtain certification by a physician that the employee is emotionally disabled and unable to work.

For the reasons stated, the judgment of the appellate court is reversed and the order of the Fair Employment Practices Commission is vacated.

*Appellate court reversed;*
*order vacated.*

MR. CHIEF JUSTICE GOLDENHERSH, dissenting:

I dissent and would affirm the judgment of the appellate court. The majority opinion is based on the conclusion, unsupported by the record and contrary to the findings of the Fair Employment Practices Commission, that the plan covered only "sickness." Although the plan is not contained in the record it is apparent that it has been construed to cover not only disability resulting from sickness, but also all periods of disability except those occasioned by pregnancy.

This case is clearly distinguishable from *Winks v. Board*

*of Education* (1979), 78 Ill. 2d 128. There the court was required to construe the term "temporary illness." It is clear from *Winks* that "temporary incapacity" is broader than temporary illness, and is broad enough to encompass temporary incapacity caused by pregnancy and child birth.

Based on the record before us the plan should be construed to cover the temporary incapacity resulting from a normal pregnancy, and the refusal to grant benefits to these employees resulted in discrimination because of their sex.

MR. JUSTICE CLARK joins in this dissent.