DOLORES WEINGART *et al.*, Plaintiffs-Appellants, v. THE DEPART-
MENT OF LABOR *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 84—2423, 84—2428 cons.

Opinion filed September 26, 1986.

SULLIVAN, P.J., dissenting.

Louis P. Svendsen, of Busse & Svendsen, of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, So-
licitor General, and Rita M. Novak, Assistant Attorney General, of Chicago,
of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

In this consolidated appeal plaintiffs, Dolores Weingart and
Janice Corbett, challenge two orders of the circuit court of Cook
County finding that the Board of Review of the Department of La-
bor properly found plaintiffs to be ineligible for unemployment com-
pensation. Plaintiffs contend: (1) the Department's actions were void
and unenforceable because the Department acted after the expira-

tion of a statutory one-year limitation period; (2) the Department erred in construing as back pay certain payments received by plaintiffs from their former employer in settlement of an action brought against their employer before the National Labor Relations Board; and (3) they were deprived of due process in the proceedings before the Department.

We reverse and remand, finding that the Department's actions were void and unenforceable.

Plaintiffs were both employees of Advo-Systems, Inc., until August 21, 1980. At that time, Advo-Systems closed its Illinois operations after its employees voted in a union. The company's move to an out-of-State location left plaintiffs and other employees jobless.

Shortly thereafter plaintiffs applied for and received unemployment compensation benefits. Dolores Weingart received a total of $4,408 in benefits between August 30, 1980, and June 27, 1981. Janice Corbett received a total of $5,832 in benefits between August 30, 1980, and May 2, 1981.

In the meantime, a complaint was filed on behalf of the ex-employees against Advo-Systems with the National Labor Relations Board (NLRB) by the employees' union representatives. A year and a half after Advo-Systems' decision to shut down its operations in Illinois, the company entered into an out-of-court settlement to terminate the pending NLRB litigation. Pursuant to that settlement, Janice Corbett received a payment in the amount of $8,140 on January 20, 1982. Dolores Weingart's settlement payment was made in two installments, one on January 20, 1982, and the other on February 16, 1982. Her check stubs are labelled "first installment settlement" and "Chicago settlement 2nd installment" respectively. The amounts on those two stubs total $8,656.76, but the decisions below uniformly indicate that Weingart received the same amount as Corbett, $8,140.

On March 31, 1982, Advo-Systems wrote a letter to the division of unemployment insurance of the Department of Labor stating that it had been ordered to make back-pay awards to its former employees for the period of August 30, 1980, through June 1, 1981. The letter, received by the Department April 7, 1982, stated that these employees had also collected unemployment compensation benefits. Accompanying the letter was a list of base wages and the amount of back pay allegedly awarded to each of the former employees, including $8,140 to each plaintiff.

On September 17, 1982, approximately 5 months after the Department of Labor had received Advo-System's letter and 15 months

after plaintiff Weingart had drawn her last unemployment benefit check, a Department claims adjudicator issued a notice of reconsidered determination and recoupment decision. The notice informed Weingart she had been found retroactively ineligible to receive benefits from August 24, 1980, to June 27, 1981, because she had received a back-pay award. The claims adjudicator thus concluded that because plaintiff was deemed to have received disqualifying income the benefits paid her were subject to recoupment under section 900(D) of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 490(D)). Weingart appealed this decision to a referee and was given a hearing. On October 19, 1982, the referee issued a decision upholding the claims adjudicator's determination. Weingart next appealed to the Board of Review, which affirmed the referee's decision on March 30, 1983. However, the Board's March 30 decision was not received by Weingart until July 12 or 13, 1983.

On September 30, 1983, Weingart filed a complaint in the circuit court of Cook County seeking administrative review of the Board's decision. In her complaint Weingart alleged that, because the Department failed to make the recoupment determination within the one-year limitation period for reconsiderations provided by section 703 of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 453), the Department's determination was void and unenforceable. She also contended that the Board of Review failed to notify her of its decision in a timely fashion and failed to respond to a letter wherein she protested the late notice and inquired as to the possibility of pursuing another appeal within the Department.

Janice Corbett's case followed a similar course. The notice of reconsidered determination and recoupment decision finding her ineligible for benefits because of the purported back pay was issued April 12, 1983. This was over one year after the Department received Advo-System's letter and almost two years after Corbett received her last unemployment benefit check. The reconsideration was reaffirmed at each stage of administrative proceedings until Corbett exhausted her appeal remedies within the Department. Corbett then filed a complaint for administrative review in the circuit court of Cook County alleging, *inter alia*, that the Department's actions were void and unenforceable for the same reasons advanced by Dolores Weingart.

The two cases were consolidated solely for hearing in the circuit court, and two orders were entered September 4, 1984, affirming the decision of the Board of Review. The circuit court found that the time limitations set forth in section 703 of the Unemployment

Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 453), did not apply to redeterminations involving back pay under section 900(D) of that Act (Ill. Rev. Stat. 1981, ch. 48, par. 490(D)). The court further concluded that the settlement payments constituted back pay and that the Board's decision was not against the manifest weight of the evidence.

OPINION

We first consider the plaintiffs' contention that the actions of the Department were void and unenforceable because the Department did not act within the applicable limitation period.

In this cause the Department's claims adjudicator took two separable actions: he reconsidered the prior determination that plaintiffs were eligible for benefits, and, pursuant to this redetermination, he sought to recoup benefits already paid out to the plaintiffs. The confusion in this case arises from the fact that both of these actions were combined in one procedure, as evidenced by the notice of reconsidered determination and recoupment decision sent to both plaintiffs.

Section 703 of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 453) authorizes a claims adjudicator to reconsider his determination of eligibility for benefits within one year after the last day of the week for which the determination was made. If the claimant misstated his earnings the reconsideration can be made within two years.

Here the redetermination for Dolores Weingart was made about 15 months after she received her last benefit check. The redetermination for Janice Corbett was made almost two years after the issuance of her last check. Manifestly the Department did not act within the applicable one-year limitation period in redetermining eligibility for either plaintiff. No misstatement of earnings is at issue because the plaintiffs had not yet received any settlement payment from Advo-Systems when they received their last benefit checks. Therefore the applicable limitation period was one year, rather than the two years provided for instances of misstatements of earnings.

■■ ■ The Department contends the applicable statute here is section 900 of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 490). Section 900 provides in pertinent part:

"Recoupment. A. Whenever an individual has received any sum as benefits for which he is found to have been ineligible, the amount thereof may be recovered by suit in the name of the People of the State of Illinois, or, from benefits payable to

him, may be recouped:

    1. At any time, if, to receive such sum, he knowingly made a false statement or knowingly failed to disclose a material fact.

    2. Within 3 years from the date he has been found to have been ineligible for any other reason, pursuant to a reconsidered finding or a reconsidered determination \*\*\*. \*\*\*

    B. [Provides notification and appeal rights pertaining to recoupment decisions.]
    \*\*\*

    D. Whenever, by reason of a back pay award made by any governmental agency or pursuant to arbitration proceedings, or by reason of a payment of wages wrongfully withheld by an employing unit, an individual has received wages for weeks with respect to which he has received benefits, the amount of such benefits may be recouped or otherwise recovered as herein provided. \*\*\*" (Ill. Rev. Stat. 1981, ch. 48, pars. 490(A) through (D).)

The Department contends that because section 900(D), which specifically authorizes recoupment or other recovery of back pay, provides for no limitation period for such action, such action may be taken at any time. But the issue here is whether the precondition for such recoupment or recovery was established in a timely fashion. That precondition is a redetermination of eligibility resulting in a finding of ineligibility for benefits already paid. Section 900, in authorizing recoupment or recovery of benefits paid to ineligible recipients, clearly contemplates that the Department will first determine such ineligibility. Thus section 900(A) specifically refers to a finding of ineligibility pursuant to a reconsidered determination. To read section 900(D) in isolation, as the Department suggests we do, would mean that the legislature had provided no mechanism for making the finding that back pay had been made while empowering the Department to recover such back pay. Such an absurd result is to be avoided in statutory construction when a more reasonable construction is evident. (*People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473.) Here the more reasonable construction is that the legislature did provide a mechanism for making this determination concerning back pay by enacting section 703, which spells out the procedure for reconsiderations and also provides a one-year limitation period.

    Because the Department, through its claims adjudicator, failed to make its redetermination of eligibility within the statutory limitation period, that redetermination was void because not authorized by

statute and should not have been enforced by the circuit court. See *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154.

■ The Department also contends that, in any event, Dolores Weingart's complaint in the circuit court was not timely and therefore the circuit court lacked jurisdiction to hear her action. Ordinarily Weingart would have been required to file her complaint for administrative review within 35 days of her actual receipt of the Department's decision. (Ill. Rev. Stat. 1981, ch. 110, par. 3—103; see *Gutierrez v. Board of Review* (1975), 35 Ill. App. 3d 186, 341 N.E.2d 115.) Weingart concedes that although she received notice of the decision by July 12 or 13, 1983, she did not file her complaint until September 30, 1983. Ordinarily this failure to file a timely complaint for administrative review would deprive the court of jurisdiction. (*Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 410 N.E.2d 291.) But such a review may be obtained at any time when the administrative agency is alleged to have rendered a void determination. (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154.) Thus the circuit court did have jurisdiction to hear the complaint of Dolores Weingart.

Because of our determination that the Department's reconsidered determinations were void, we do not reach the plaintiffs' remaining contentions.

The judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

PINCHAM, J., concurs.

PRESIDING JUSTICE SULLIVAN, dissenting:

I disagree with the finding of the majority, in reversing, that the Board's decision allowing recoupment was void and unenforceable. Both plaintiffs had received unemployment benefits for a number of weeks, and when the department learned that they had each received awards of back pay for the same period in settlement of the NLRB action against their employer, the department started action to recoup the benefits paid to plaintiffs. Initially, a claims adjudicator reconsidered previous determinations of eligibility and found that plaintiffs were ineligible during the period they had received back pay. Thereafter, a referee conducted a full hearing and found that

the department was entitled to recoupment because each plaintiff "was not an unemployed individual" during the weeks she received the back pay. On appeal, the Board of Review adopted the decisions of the referee, and plaintiffs then filed separate complaints for administrative review in the circuit court. They were consolidated, and after a number of hearings the court affirmed the Board's decisions.

The majority has reversed on the basis of a finding that the reconsiderations of eligibility by the claims adjudicator were not undertaken within one year after plaintiffs had received their last benefit checks. This was required, according to the majority, under section 703 of the Act. There is, however, no language in section 703 or elsewhere in the Act which applies the limitation of section 703 to recoupment under section 900.

Section 702 requires the claims adjudicator to make weekly determinations of eligibility for benefits while section 703 requires that reconsideration of these weekly findings be undertaken within one year. Specifically, section 703 provides that the claims adjudicator "may reconsider his determination at any time within one year after the last day of the week for which the determination was made, except that if the issue is whether or not the claimant misstated his earnings for the week, such reconsidered determination may be made at any time within two years after the last day of the week." There was no reconsideration as to any such weekly ruling here; rather, the claims adjudicator, on reconsideration, made a finding that the department was entitled to recoupment because plaintiffs were ineligible for benefits during the period for which they received the back-pay payments.

Additionally, it appears to me that the legislature did not intend to apply the one-year limitation of section 703 to a recoupment proceeding, not only because the Department may not learn within one year of its entitlement to recoupment, but also because a right to recoupment may not arise within that time, as could have been the situation here if the NLRB action had not been settled since it conceivably could have taken more than a year to conclude.

More significantly, however, is the fact that there is nothing in section 703 placing any time limitation on the reconsidered finding of a referee. It is clear here that the referee, after a full hearing, upheld recoupment on the basis that neither plaintiff was an unemployed individual during the period she received the back pay. Section 900(A)(2) provides for recoupment within three years from the reconsidered finding of a referee. Thus, even assuming that section 703 applies to a recoupment proceeding, it contains no time limita-

tion as to a referee's decision, and since proceedings were instituted here within three years, the majority mistakenly found that the Board's decision affirming the referee was void and unenforceable.

Furthermore, the time limitation of section 703 does not apply to a proceeding under section 900(A)(1), which provides for recoupment *at any time* where a recipient "knowingly failed to disclose a material fact." It appears clear here that plaintiffs failed to make such a disclosure when they did not reveal that they had an NLRB lawsuit pending for back pay or that they subsequently received back-pay payments in settlement of the action. Thus, the decision of the Board should be affirmed because recoupment was properly awarded under the provisions of section 900(A)(1).

The decision was also proper under section 900(D), which provides in pertinent part that "[w]henever, by reason of a back pay award made by any governmental agency *** an individual has received wages for weeks with respect to which he has received benefits, the amount of such benefits may be recouped or otherwise recovered as herein provided." The back-pay awards here were made by a governmental agency, and, since the action of the department was within the time limitation of section 900(A)(2), the Board properly found that it was entitled to recoupment. In light of the foregoing, I believe that the majority erroneously found the Board's decisions to be void and unenforceable.

Moreover, it is clear to me that plaintiff Weingart's action should have been barred because she failed to file her complaint within 35 days of receiving notice of the Board's decision, as she was required to do under section 3—103 of the Administrative Review Act (Ill. Rev. Stat. 1985, ch. 110, par. 3—103). The majority, agreeing that her action would ordinarily be barred by this section, held to the contrary because the Board's decision was void and unenforceable. Since the decision was improperly found to be void and unenforceable, the majority should have found that plaintiff Weingart's action was not timely filed.

I would affirm the decision appealed from.