SECOND 
DIVISION 

June 26, 2001

No. 1-99-1589

THE BOARDS OF TRUSTEES OF THE CHICAGO HEIGHTS POLICE PENSION FUND; EVANSTON POLICE PENSION FUND; NORRIDGE POLICE PENSION FUND; NORTHLAKE POLICE PENSION FUND; TINLEY PARK POLICE PENSION FUND; MIDLOTHIAN POLICE PENSION FUND; EVERGREEN PARK POLICE PENSION FUND; OAK BROOK POLICE PENSION FUND; MONTGOMERY POLICE PENSION FUND; WOOD RIVER POLICE PENSION FUND; FOREST PARK POLICE PENSION FUND; FOREST PARK POLICE PENSION FUND; WESTMONT POLICE PENSION FUND; ADDISON FIRE PROTECTION DISTRICT PENSION FUND; CHICAGO HEIGHTS FIREFIGHTERS' PENSION FUND; PEORIA FIREFIGHTERS PENSION FUND; ROCK ISLAND FIREFIGHTERS' PENSION FUND; BYRON FIREFIGHTERS' PENSION BOARD; and THE ILLINOIS PUBLIC PENSION FUND ASSOCIATION, 

Plaintiffs-Appellees,

v.

THE DEPARTMENT OF INSURANCE, and ARNOLD DUTCHER, Acting Director,

Defendants-Appellants

(Thomas R. Jones, Chief Adm'r, Public Pension Funds Division, in his official capacity,

Defendant).   

)))))))))

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No. 98 CH 6967

Honorable

Aaron Jaffe,

Judge Presiding.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

In 1997 the General Assembly created a public pension division (the Division) within the Department of Insurance (the Department) (40 ILCS 5/1A-101 
et
 
seq
. (West 1998)).  Among the obligations imposed upon the Division was a duty to automate its operations, services and communications "to the fullest practical extent."  40 ILCS 5/1A-107 (West 1998).  Included was the duty to provide electronic exchange of information between the Division and public pension funds, and the authority to receive from public pension funds data on "computer processible media."  40 ILCS 5/1A-107 (West 1998).  The Division read this statutory language in a way that would authorize a rule to compel public pension funds to pay annual compliance fees in only one way: depositing the amount of the fee in a bank account that could be electronically debited by the Department.  The rule was adopted.  When several of the public pension funds that are appellees here attempted to pay their annual compliance fees by check in 1998, the Department refused to accept them.  

The public pension funds filed suit for declaratory and injunctive relief.  Count I of their second amended complaint alleged that the Department's mandatory automated clearinghouse electronic debit system (ACH) violated certain fiduciary duties imposed upon the Department by the Illinois Pension Code (the Code) (40 ILCS 5/1A-101 
et
 
seq
. (West 1998)) and that the Department rule was beyond the scope of authority granted by statute.  On cross-motions for summary judgment, the trial court found that the statute directing the Division to pursue full automation could not be read to compel public pension funds to participate in a mandatory ACH program.  The Department appeals but has complied with the trial court order to accept checks pending the outcome.  Our resolution does not require us to reach the pension funds' argument that compliance with the rule would violate fiduciary duties.  We affirm.  

We review the grant of summary judgment 
de novo
.  
Petrovich v. Share Health Plan of Illinois, Inc.
, 188 Ill. 2d 17, 30, 719 N.E.2d 756 (1999).  

Administrative rules have the force and effect of law and are presumed to be valid.  
Celotex Corp. v. Pollution Control Board
, 94 Ill. 2d 107, 126, 445 N.E.2d 752 (1983).  But an administrative agency is a creature of statute.  Rule-making power exercised by the agency must find its source in the enabling statute.  
Granite City Division of National Steel Co. v Illinois Pollution Control Board
, 155 Ill. 2d 149, 613 N.E.2d 719 (1993); 
Business & Professional People for the Public Interest v. Illinois Commerce Comm'n
, 136 Ill. 2d 192, 243, 555 N.E.2d 693 (1989).  "When an agency has acted in its rule-making capacity, a court will not substitute its judgment for that of the agency. [Citation.]  Regulations adopted by [an administrative agency] pursuant to its statutory authority will not be set aside unless they are arbitrary and capricious."  
Granite
 
City
, 155 Ill. 2d at 162.    

Section 1A-107 of the Code (40 ILCS 5/1A-107 (West 1998)) directed the Division to automate its functions.  This section reads:

"Automation of Services.  The Division shall automate its operations, services, and communications to the fullest practical extent.  This automation shall include, but need not be limited to, the acquisition, use, and maintenance of electronic data processing technology to (i) automate Division operations as necessary to carry out its duties and responsibilities under this Code, (ii) provide by FY 2000 
electronic exchange of information
 between the Division and pension funds subject to this Code, (iii) provide to pension funds and the general public and receive from pension funds and the general public data on computer processible media, and (iv) control access to information when necessary to protect the confidentiality of persons identified in the information."  (Emphasis added.)  40 ILCS 5/1A-107 (West 1998).

Section 1A-103 gives the Department authority to enact rules necessary for the administration and enforcement of its responsibilities under the Code.  40 ILCS 5/1A-103 (West 1998).  

The Department enacted section 4415.70 of the Illinois Administrative Code on April 27, 1998.  Under it plaintiffs must pay annual compliance fees through an automatic clearing house debit.  50 Ill. Adm. Code §4415.70 (1998).  An ACH debit is "the electronic transfer of funds from the pension fund's account for deposit in the Public Pension Regulation Fund."  50 Ill. Adm. Code §4415.30 (1998).  No other form of payment is allowed.  To pay the fee, pension funds must give the Department the bank account number from which the funds are to be electronically withdrawn.  The pension funds must also provide a routing number and sign a form authorizing the electronic debit and automatic transfer.  50 Ill. Adm. Code §4415.70 (1998).  Before the amendment (and in a less automated world), annual fees were normally paid by check, payable to the Department and signed by a pension fund representative.

Plaintiffs object to mandatory ACH debits as the only method of payment and contend that the Department exceeded the statutory mandate when it enacted section 4415.70. 

The Department counters with the argument that section 4415.70 is a valid exercise of agency powers flowing from the legislature directive to automate its functions.  It relies, in part, on the language in section 1A-107 of the Code that directs automation of Department operations "to the fullest practical extent." 40 ILCS 5/1A-107 (West 1998).  Since the Department must collect annual compliance fees, the Department concludes that compelling the pension funds to pay those fees by ACH debits is consistent with the legislative directive set out in section 1A-107 of the Code (40 ILCS 5/1A-107 (West 1998)) and is a good example of what "fullest extent" means.  ACH debiting is state of the art for transferring money.

The Department contends that the automated debit and transfer of compliance fees is clearly within the spirit of the statute.  Transfers can be smoothly integrated into other automated practices the Department is required to adopt by statute.  A more efficient and economical operation overall is the consequence.  The Department also contends that automation would not burden plaintiffs, who would have to do less paper-work when freed of the burden of writing a check.  The argument has a certain appeal in our automated era.  But it cites no language in the statute that would allow the Division to impose its automation practices on the pension funds it oversees, other than the "fullest practical extent" language and the requirements contained in subsections (ii) and (iii) of section 1A-107 of the Code.  So the question becomes are subsections (ii) and (iii) plain enough to require ACH debiting?

Subsection (ii) directs the Division to electronically exchange information with public pension funds; subsection (iii) allows the Division to receive data from the public pension funds in the form of "computer processible media."  If we were to risk translating "computer processible media" into English, we would conclude that it sounds like the Division and the pension funds are allowed to use e-mail to exchange information that once passed by post and telephone.  We might also risk the conclusion that there is enough wiggle room in the statute to allow electronic debiting of bank accounts if both creditor and debtor agree.  But we need not speculate.  The narrow question is whether the language allows the creditor to compel the debtor to discharge a debt electronically.  If that were the intent of the legislature in urging automation on the Division, and particularly in the sensitive area of money changing hands, we believe the legislature would have said so clearly.

To the extent an agency acts without statutory authority, the agency acts without jurisdiction.  
City of Chicago v. Fair Employment Practices Comm'n
, 65 Ill. 2d 108, 112-13, 357 N.E.2d 1154 (1976).  Section 4415.70 of the Illinois Administrative Code, requiring payment of annual compliance fees by ACH debit, is an invalid exercise of the Department's rule-making power and is void.  
Business & Professional
, 136 Ill. 2d at 243.  

Affirmed.  

CERDA and WOLFSON, JJ., concur.