796 N.E.2d 623 (2003)
343 Ill. App.3d 303
277 Ill.Dec. 537
In re ABANDONMENT OF WELLS LOCATED IN ILLINOIS by Eva Lovene LEAVELL, d/b/a L&L Supply Company, Permittee No. 1031 (Eva Lovene Leavell, Petitioner-Appellant,
v.
The Department of Natural Resources, Office of Mines and Minerals, Respondent-Appellee).
No. 5-02-0220.
Appellate Court of Illinois, Fifth District.
August 14, 2003.
Rehearing Denied September 26, 2003.
*625 Christopher Heid, Carmi, for Appellant.
Lisa Madigan, Attorney General, Janon E. Fabiano, Assistant Attorney General, Chicago, for Appellee.
Justice MAAG delivered the opinion of the court:
This appeal arises from a decision of the Illinois Department of Natural Resources (Department) following an administrative hearing. The Department affirmed its hearing officer's finding that certain oil and injection wells permitted to Eva Lovene Leavell, doing business as L & L Supply Company (L & L), had been abandoned, and the Department ordered L & L to plug the wells. L & L petitioned for judicial review in the circuit court of White County. L & L alleged that the Department's decision was void ab initio because the Department had failed to serve it with notice of the administrative hearing, in violation of its constitutional right to notice and an opportunity to be heard. The Department filed a motion to dismiss the complaint for judicial review on the ground that L & L failed to provide for the issuance of a summons within 35 days of the decision, in accordance with section 3-103 of the Illinois Administrative Review Law (735 ILCS 5/3-103 (West 2000)). The circuit court granted the Department's motion and dismissed the petition without considering the constitutional issue. L & L has appealed.
On appeal, L & L contends that the Department's decision was void ab initio because of the due process violation. It also contends that the circuit court's authority to consider constitutional claims is not restricted by any provision in the Administrative Review Law (735 ILCS 5/3-101 et seq. (West 2000)) and that the trial court erred in dismissing the petition without considering the constitutional issue.
In a proceeding where a person's right or interest in life, liberty, or property is affected, due process requires that the person be served with adequate notice, be apprised of a definite charge, and be afforded an opportunity to defend that interest in a fair and impartial hearing that is appropriate to the nature of the case. In re Estate of Hecht, 63 Ill.App.3d 539, 540, 20 Ill.Dec. 254, 379 N.E.2d 1322, 1324 (1978). The guarantee of the due process of law extends to every governmental proceeding that may interfere with personal or property rights or interests, whether that process is executive, legislative, judicial, or administrative. People ex rel. Harris *626 v. Parrish Oil Production, Inc., 249 Ill.App.3d 664, 667, 190 Ill.Dec. 780, 622 N.E.2d 810, 814 (1993). An administrative hearing must be conducted in accordance with the due process requirements under the fourteenth amendment to the United States Constitution and article I, section 2, of the Illinois Constitution. In re Estate of Hecht, 63 Ill.App.3d at 540, 20 Ill.Dec. 254, 379 N.E.2d at 1324.
Administrative agencies exercise powers provided strictly by statute and possess no inherent or common law powers. Newkirk v. Bigard, 109 Ill.2d 28, 37, 92 Ill.Dec. 510, 485 N.E.2d 321, 325 (1985). An administrative agency, such as the Department, has the authority to act if it has the following: (1) personal jurisdiction over the parties and any intervenors to the administrative proceeding, (2) subject matter jurisdiction over the general class of cases to which the particular case belongs, and (3) the inherent statutory authority to make or enter the particular order involved. Newkirk, 109 Ill.2d at 36-37, 92 Ill.Dec. 510, 485 N.E.2d at 324-25. Though the term "jurisdiction" is not strictly applicable to an administrative agency, the rules concerning the authority of an administrative agency and the validity of its orders have been held to be analogous to those governing courts of limited jurisdiction. City of Chicago v. Fair Employment Practices Comm'n, 65 Ill.2d 108, 112, 2 Ill.Dec. 711, 357 N.E.2d 1154, 1155 (1976). Any actions beyond the scope of the agency's jurisdiction are void and may be attacked at any time or in any court, either directly or collaterally. City of Chicago, 65 Ill.2d at 112, 2 Ill.Dec. 711, 357 N.E.2d at 1155.
The Illinois legislature has authorized the Department to conduct hearings and to order that a well be plugged if it has been abandoned. See 225 ILCS 725/6(1) (West 2000). The general rules of procedure governing administrative hearings are found in Article 10 of the Illinois Administrative Procedure Act (Act) (5 ILCS 100/10-5 et seq. (West 2000)). Section 240.1610 of the Illinois Administrative Code (Code) (62 Ill. Adm.Code § 240.1610 (2000)) provides more specific rules regarding well plugging, well leaking, or abandoned wells. Section 10-25 of the Act states that in contested cases, the notice of the hearing shall be served "personally or by certified or registered mail or as otherwise provided by law". 5 ILCS 100/10-25 (West 2000). Section 240.1610 of the Code contains a specific provision governing the notice of a hearing in cases involving the plugging of abandoned wells. This provision directs the Department to give written notice to the permittee through personal service or by certified mail. 62 Ill. Adm.Code § 240.1610 (2000).
These notice requirements are jurisdictional prerequisites that must be followed in order for the Department to have the authority to hear the case. Due process prohibits a court or an administrative agency from affecting the interests of a party without having personal jurisdiction over that party. See Newkirk, 109 Ill.2d at 36, 92 Ill.Dec. 510, 485 N.E.2d at 324. In this case, L & L has alleged that the Department's order was void ab initio because of the lack of proper notice. L & L's allegation that the Department lacked authority to enter an order in the absence of the required notice is a proper issue that can be raised at any time, either directly or through a collateral attack. See City of Chicago, 65 Ill.2d at 112, 2 Ill.Dec. 711, 357 N.E.2d at 1155; Newkirk, 109 Ill.2d at 35, 92 Ill.Dec. 510, 485 N.E.2d at 324. Thus, the circuit court erred in refusing to consider the issue of notice.
As previously noted, the Act authorizes personal service or service by certified or registered mail. The pertinent provisions *627 of the Code authorize personal service or service by certified mail. We think it would be useful to consider the process involved in each type of service before considering the notice issue further.
The United States Postal Service regulations state that certified mail is a service that provides a mailing receipt to the sender and a record of the delivery at the office of the delivery. 39 C.F.R. part 3001, subpart C, app. A, § 941.11 (2000). The sender may request that the postal clerk stamp on the mailing receipt the time that the post office accepted the letter. 39 C.F.R. part 3001, subpart C, app. A, § 941.22 (2000). A record of the delivery is retained at the office of the delivery for a specified period of time. 39 C.F.R. part 3001, subpart C, app. A, § 941.23 (2000). For an additional fee, the sender can request a return receipt. 39 C.F.R. part 3001, subpart C, app. A, § 941.41 (2000).
Registered mail is a service that provides added protection for the sender and indemnity in case of loss or damage. 39 C.F.R. part 3001, subpart C, app. A, § 942.11 (2000). When a letter is sent by registered mail, the sender receives a receipt and a record of the delivery is retained by the United States Postal Service for a specified period of time. 39 C.F.R. part 3001, subpart C, app. A, § 942.25 (2000). When registered mail is undeliverable as addressed, a notice of the nondelivery is provided. 39 C.F.R. part 3001, subpart C, app. A, § 942.25 (2000).
A third service offered by the United States Postal Service is a certificate-of-mailing service. 39 C.F.R. part 3001, subpart C, app. A, § 947.1 (2000). According to the postal regulations, the certificate of mailing furnishes evidence of a mailing. 39 C.F.R. part 3001, subpart C, app. A, § 947.11 (2000). The sender may request a certificate showing the date a letter was mailed to the addressee. The post office does not retain any record of the mailing, and there is no receipt verifying the delivery of the mail to the addressee. 39 C.F.R. part 3001, subpart C, app. A, § 947.22 (2000). The certificate of mailing serves only as proof that a letter was mailed.
By requiring personal service or service by certified or registered mail, the legislature clearly did not intend the simple dispatch of a letter to be sufficient to achieve the goal of notice. Each legislatively authorized method of service contemplates that the delivery of the notice can be verified. Certified mail and registered mail provide the sender with a mailing receipt and the ability to ascertain whether the mail was delivered. Similarly, personal service through a process server provides evidence of a delivery.
In this case, the circuit court did not consider L & L's claims that it had not been notified of the administrative hearing. L & L claims that the Department failed to serve notice of the hearing, while the Department claims that it served notice on L & L by certified mail. The authority of the Department to enter the order is dependent upon a resolution of this material factual dispute. The parties have not had the opportunity to present evidence on this issue because the petition was erroneously dismissed. Therefore, we are remanding this case to the circuit court to resolve the factual dispute and to determine whether the Department complied with the notice requirements and satisfied due process requirements.
We note that during oral argument, the Department took the position that attempting service by certified mail was sufficient to meet due process requirements. That is incorrect. Notice cannot be a mere gesture. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, *628 315, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). Due process requires notice that is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. Stratton v. Wenona Community Unit District No. 1, 133 Ill.2d 413, 432, 141 Ill.Dec. 453, 551 N.E.2d 640, 648 (1990); Mullane, 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873. Notice falls short of due process requirements where later developments charge an agency with knowledge that it is unlikely that a party has received notice. See In re Forfeiture of $2,354.00 United States Currency, 326 Ill.App.3d 9, 13, 260 Ill.Dec. 148, 760 N.E.2d 565, 568 (2001); Hwang v. Department of Public Aid, 333 Ill.App.3d 698, 707, 267 Ill.Dec. 429, 776 N.E.2d 801, 809 (2002). If postal records fail to confirm that L & L received the notice that was mailed, then the notice was deficient.
Accordingly, the order of the circuit court dismissing L & L's petition is reversed, and the cause is remanded for further proceedings consistent with this decision.
Reversed; cause remanded.
CHAPMAN and DONOVAN, JJ., concur.