Fifth Division

August 30, 2002

No. 1-01-2992

JIA HWANG, )

) Appeal from the

Plaintiff-Appellant, ) Circuit Court of

) Cook County.

) 

) 01 CH 03281

THE ILLINOIS DEPARTMENT OF PUBLIC AID,)

ANN PATLA, Director of the Illinois ) The Honorable

Department of Public Aid, and INSPECTOR ) Dorothy Kirie Kinnaird

GENERAL of the Illinois Department of Public ) Judge Presiding.

of Aid, )

Defendants-Appellees. )

JUSTICE GREIMAN delivered the opinion of the court:

This appeal arises out of the Illinois Department of Public Aid's decision to terminate the eligibility of the plaintiff, Dr. Jia Hwang, to participate as a provider in the Illinois Medical Assistance Program. 305 ILCS 5/5-1 
et seq.
 (West 2000).  The Medical Assistance Program is commonly referred to as Medicaid.  State law requires that providers of medical services under Medicaid keep detailed records and make the records available to the Department of Public Aid (Department) for routine inspection.  Plaintiff was ultimately terminated as a provider because he ignored repeated requests from the Department to inspect his medical records.

On September 20, 2000, the Department notified plaintiff regarding his possible termination and his right to a hearing.  Specifically, the notification sent to plaintiff stated that he had 10 days to request a hearing; however, plaintiff never made such a request.  On October 16, 2000, the date on which the hearing would have been held had one been requested, the Department proved up service of the notice sent to plaintiff.  The administrative law judge then issued a recommended decision finding plaintiff in default and recommending that the Department's proposed action be final and binding.  On January 22, 2001, the Director of the Department of Public Aid adopted the recommended decision as her final decision.  

On February 26, 2001, plaintiff filed a complaint for administrative review in the circuit court of Cook County, Illinois.  Plaintiff also sought a stay of the Department's decision.  On administrative review, plaintiff argued that he received improper notice of the Department's proposed action against him.  The trial court denied the stay and affirmed the Department's decision.  Plaintiff appeals from the trial court's decision to uphold the ruling of the Department.

The issues presently before us are (1) whether plaintiff was provided proper notice; (2) whether, due to plaintiff's default, he is precluded from raising any issues other than subject matter or personal jurisdiction; (3) assuming plaintiff is not barred from raising other issues, whether the Department of Public Aid was entitled to adopt a default procedure and terminate plaintiff as a provider in the absence of additional evidence; (4) whether the Department of Public Aid gave plaintiff proper notice of its default motion; (5) whether the Department of Public Aid properly notified plaintiff of its final decision; and (6) whether the trial court properly denied plaintiff's request for a remand.  

We affirm the trial court's decision to uphold the administrative ruling.  More specifically, we hold that plaintiff was provided proper notice and that, due to plaintiff's default, he is precluded from raising any issues other than subject matter or personal jurisdiction.  Consequently, there is no need for us to discuss any issues beyond whether plaintiff was provided proper notice.  

The Medical Assistance Program, contained in Article V of the Public Aid Code (the Code) (305 ILCS 5/5-1 
et seq.
 (West 2000)) and in the regulations of the Department of Public Aid, sets out the plan for administering Medicaid in Illinois.  Section 5-5 of the Code states that the Department of Public Aid must require health care providers enrolled in the program to "maintain records that document the medical care and services provided to recipients of Medical Assistance under this Article." 305 ILCS 5/5-5 (West 2000).  

On eight separate dates, between late February and early June 2000, the Department of Public Aid made 14 requests that plaintiff furnish his medical records to the Department or make them available for inspection.  These requests were made by telephone, facsimile, regular mail, certified mail, and personal delivery.  Despite these requests, the Department contends that plaintiff failed to submit his records or make them available.

On September 20, 2000, the Department issued to plaintiff a "Notice of Right to Hearing and Department Action to Terminate."  The notice specifically stated that the Department had determined that plaintiff had failed to furnish or make available his medical records and, therefore, the Department was seeking to terminate his eligibility to participate in the program.  Pursuant to the notice, plaintiff was advised that he had the right to request a hearing, and that if a hearing was requested, it would be held on October 16, 2000.  Accompanying the notice was a "Statement of Grounds," listing each unsuccessful request for records, the dates of the requests, and the methods by which the requests had been made.   

The September 20, 2000, notice and the accompanying statement of grounds were sent to plaintiff via certified mail, return receipt requested, at three addresses.  Specifically, notice was sent to (1) Highland Medical Center, 8201 South Ashland Avenue, Chicago, Illinois 60620; (2) South Shore Hospital, 8015 South Luella, Suite 211, Chicago, Illinois 60617; and (3) South Shore Hospital, 8012 South Crandon, Chicago, Illinois 60617.  Each envelope was addressed to plaintiff.  Despite this request and all earlier requests, plaintiff failed to request a hearing on the Department's intended action to terminate his participation in the program.  

On October 16, 2000, the date the hearing would have been held had it been requested, counsel for the Department appeared before the administrative law judge and asked that plaintiff be found in default.  Counsel for the Department tendered to the administrative law judge a certified mail return receipt showing delivery of the notice and the accompanying statement of grounds to South Shore Hospital.  The signature on the return receipt is illegible.  

On October 16, 2000, the administrative law judge issued a recommended decision finding that plaintiff's eligibility should be terminated.  The administrative law judge determined that plaintiff had been served with the notice, that the notice adequately informed plaintiff of his right to request a hearing, and that plaintiff had not made such a request and had not appeared on October 16, 2000.  The administrative law judge also noted that under the Department's regulations, its action becomes final and binding when a respondent fails to request a hearing or fails to appear at a hearing without good cause.  Thus, the administrative law judge concluded that the Department's action was final and binding.  

A copy of the recommended decision, along with a letter notifying plaintiff of his right to file written exceptions with the Director within 10 days, was mailed to plaintiff at South Shore Hospital.  The record does not reflect that plaintiff filed exceptions to the recommended decision.

On January 22, 2001, the Director of the Department of Public Aid adopted the recommended decision as the decision of the Department and terminated plaintiff's eligibility.  The Director notified plaintiff of her decision in a letter dated January 22, 2001.  The Director's letter informed plaintiff of his right to seek administrative review of the decision by filing a complaint within the circuit court within 35 days.   

On February 26, 2001, plaintiff filed a timely complaint for administrative review in the circuit court.  The complaint alleged that the Department's decision was contrary to law and violated due process because the Department improperly gave notice of its proposed action and hearing.  

In May 2001, after the Department filed the administrative record, plaintiff moved for a stay of the Department's decision on three grounds.  First, plaintiff asserted that his due process rights had been violated because the record did not establish that he had been given notice.  Plaintiff specifically argued that notice was not proper because the signature on the return receipt is illegible.  Second, plaintiff argued that his due process rights had been violated because the Department had not held a "prove-up."  Plaintiff submitted his own affidavit and the affidavit of a Highland Medical Clinic employee stating that on an unspecified date a representative of the Department had come to his office to review his medical records and said that she would return to complete the review, but never did.  Third, plaintiff complained that the administrative law judge's recommended decision was sent to the 8012 South Crandon address and the evidence in the record did not show that he received it.  

The Department responded to the motion for stay and plaintiff replied.  On June 7, 2001, the trial court denied the motion for stay without prejudice, permitting plaintiff to file a renewed motion for stay before July 6, 2001.  

Next, the parties were allowed to brief the matter on the merits.  Plaintiff made the same arguments that he had made in support of his motion for stay.  In addition, plaintiff argued that because a default cannot be entered without a "prove-up," the record lacked evidence to support findings that he failed to provide medical records.  Plaintiff also asserted that the record did not show he received the recommended decision.  Lastly, plaintiff asked for a remand on the ground that it would be just to do so.

On July 6, 2001, the trial court heard argument and, subsequently, entered an order affirming the administrative decision.    

First, we will examine whether plaintiff received proper notice pursuant to the requirements set forth in the Illinois Administrative Code.  Second, we will review whether plaintiff received proper notice under the due process requirements of the fourteenth amendment of the United States Constitution. The issue of whether plaintiff was provided proper notice is a question of law.  As a result, the standard of review is 
de novo
. 
Hormel Foods Corp. v. Zehnder
, 316 Ill. App. 3d 1200, 1204 (2000). 

Section 12-4.25(A)(b) of the Public Aid Code provides in pertinent part:

"(A) The Illinois Department may deny, 

suspend or terminate the eligibility of any person, 

firm, corporation, association, agency, institution or

other legal entity to participate as a vendor of 

goods or services to recipients under the medical

assistance program under Article V, if after 

reasonable notice and opportunity for a hearing the

Illinois Department finds:

* * * 

(b) Such vendor has failed to keep or make

available for inspection, audit or copying, after 

receiving a written request from the Illinois 

Department, such records regarding payments claimed

for providing services." 305 ILCS 5/12-4.25(A)(b) 

(West 2000). 

Sections 104.230(a), (b), (e), and (f) of the Administrative Code provide:

"104.230 Notice, Service and Proof of Service

(a) The chief hearing officer and all parties to the 

proceedings shall be served all papers, notices and other 

documents filed by any party.  Proof of such service upon 

all parties shall be filed with the chief hearing officer.

(b) Final administrative decisions issued pursuant 

to these Rules as well as any notice which initiates 

administrative proceedings pursuant to these Rules and 

which states that the Department intends to recover money 

from a vendor, terminate or suspend a vendor's eligibility 

to participate in the Medical Assistance Program or 

terminate, suspend, or not renew a vendor's provider 

agreement, or deny a vendor's application for participation, 

must be served personally or by certified or registered mail 

upon the vendor or the vendor's agent appointed to receive 

service of process.

* * * 

(e) Proof of service of any paper shall be by certificate 

of attorney, affidavit or acknowledgement [
sic
], or certified 

or registered mail return receipt. 

(f) Wherever notice or notification is indicated or 

required, it shall be effective upon the date of mailing to a 

vendor's or other party's business address, residence or last 

address on file with the Department." 

89 Ill. Adm. Code §§104.230(a), (b), (e), (f) (West 2000).

In determining whether plaintiff received proper notice, we must adhere to the well-established principles of statutory construction.  This court has repeatedly held that "[w]here clear and unambiguous, statutory language must be enforced as enacted, and a court may not depart from its plain language by reading into it exceptions, limitations, or conditions not expressed by the legislature." 
People v. $30,700.00 United States Currency
, 199 Ill. 2d 142, 150-51 (2002).  Furthermore, a court is prohibited from searching for "subtle intentions of the legislature" where the language is "express and plain." 
$30,700.00
, 199 Ill. 2d at 151.  

In recognition of the express language contained in section 12-4.25 of the Public Aid Code and section 104.230 of the Administrative Code, we hold that notice is properly served where it is sent by personal service, certified mail, 
or 
registered mail to the party's business address, residence or last address on filed with the Department of Public Aid.  Additionally, we hold that pursuant to the Administrative Code, proof of service can be made by certificate of attorney, affidavit or acknowledgment, or certified mail return receipt.  

In the case at bar, the Department sent notice to plaintiff at three addresses, including addresses for Highland Medical Center and South Shore Hospital.  The administrative law judge had no reason to doubt whether these addresses constituted plaintiff's business addresses and, on appeal, plaintiff does not argue that these addresses do not constitute his business addresses.  At the October 16, 2000, hearing, counsel for the Department tendered the return receipt from South Shore Hospital and certified that notice was sent to plaintiff by certified mail, return receipt requested.   

Plaintiff contests the methods by which the Department sent him notice for a myriad of reasons.  To begin, plaintiff notes that only one return receipt was submitted and that the signature on it is illegible.  Plaintiff also claims that the Department failed to establish that the individual who signed the receipt had the authority to do so. 

We hold that plaintiff's arguments regarding the signature on receipt are without merit.  The Administrative Code only requires that notice be sent by standard certified mail.  There is no requirement that notice be sent certified mail, return receipt requested.  For this reason, we find it irrelevant whether the signature on the receipt is legible or whether the person who signed for the delivery had the authority to do so.

Next, plaintiff asserts that the record fails to establish that any of the three addresses where notice was sent constitutes his business address.  It is well established that a party claiming an administrative error has the burden of proving that the order is erroneous. 
Illinois Telephone Corp. v. Illinois Commerce Comm'n.
, 260 Ill. App. 3d 919, 924 (1994), citing 
Moncada v. Illinois Commerce Comm'n.
, 212 Ill. App. 3d 1046, 1052 (1991).  Plaintiff failed to sustain his burden of showing to the trial court that none of the addresses used by the Department constitute his business address.  Moreover, a review of the record shows that plaintiff filed an affidavit in the trial court stating that the Highland Medical Clinic is "located at 8201 S. Ashland Avenue" and that "Dr. Jia Hwang practices at the Highland Medical Clinic."  In light of plaintiff's affidavit, we find that notice was sent to at least one of plaintiff's business addresses, thereby satisfying section 104.230(f) of the Administrative Code.  

Plaintiff contends that since section 104.230(c) of the Administrative Code allows for personal service and section 104.230(g) provides for service in any manner permitted by law, the Department should not have used mail service.  We disagree.  While the Administrative Code allows for alternative methods of service, such as personal service, we hold that the facts of the case at bar did not require the Department to use an alternative method of service.

The facts contained in the record show that the Department complied with the regulations set forth in the Administrative Code governing notice.  The Department sent two requests to plaintiff's business addresses via certified mail.  These requests were returned "unclaimed," thereby prompting the Department to send the notice of termination via certified mail, 
return receipt requested
.  By requesting a return receipt, the Department went beyond the requirement of sending notice via standard certified mail.  The receipt was returned with a signature, therefore, nothing in the record suggests that the Department should have sent notice by way of personal service.  Thus, we hold that the Department's actions satisfied the notice requirements set forth in the Administrative Code.

We now turn our attention to 
Cole v. state of Illinois Department of Public Health
, 329 Ill.App.3d 261 (2002).  Plaintiff cites to 
Cole
 for the proposition that where an enabling statute requires a hearing, a person cannot be held in default for failing to request a hearing.  Plaintiff suggests that this holding is applicable to the case at bar.  We disagree.

In 
Cole
, this court held that the unambiguous language set forth in sections 16 and 19 of the Water Well and Pump Installation Contractor's License Act (225 ILCS 345/16, 19 (West 2000)) clearly communicates that the legislature intended the Department of Public Health to schedule a hearing before revoking a contractor's license.  Additionally, the 
Cole
 court observed that the statute at issue in 
Cole
 contains "no language suggesting that a hearing may not be scheduled." 
Cole
, 329 Ill.App.3d at 264.

The case at bar is easily distinguished from 
Cole
.  To begin, the case at bar addresses the Public Aid Code, while 
Cole
 addresses the Water Well and Pump Installation Contractor's License Act.  Moreover, section 12-4.25(A) of the Public Aid Code contains language suggesting that a hearing may not be scheduled. 305 ILCS 5/12-4.25(A) (West 2000).  Specifically, under section 12-4.25(A), the Department of Public Aid is required to provide only "opportunity for a hearing." 305 ILCS 5/12-4.25(A) (West 2000).  Since 
Cole
 is not on point with the case at bar, we find its holding to be inapplicable.

Our next consideration is whether plaintiff received proper notice pursuant to the due process requirements of the fourteenth amendment to the United States Constitution.  "Notice is a fundamental requirement of due process." 
East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial
, 178 Ill. 2d 399, 420 (1997).  Under the principles of due process, notice must be reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 
Stratton v. Wenona Community Unit District No. 1
, 133 Ill. 2d 413, 432 (1990); 
Mullane v. Central Hanover Bank & Trust Co.
, 339 U.S. 306, 314, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657 (1950).  "Generally, written notice by certified mail is sufficient even if the claimant does not receive the actual notice." 
In re Forfeiture of $2,354.00 United States Currency
, 326 Ill. App. 3d 9,13 (2001), citing 
Garcia v. Meza
, 235 F. 3d 287, 290 (7
 
th Cir. 2000); 
Montgomery v. Scott
, 802 F. Supp. 930, 935 (W.D.N.Y. 1992).  However, "[t]he operative question is whether notice was adequate at the time that the notice was sent, and due process is not satisfied 'if the notifying party knew or had reason to know that notice would be ineffective.' " 
Krecioch v. United States
, 221 F. 3d 976, 980 (7
th Cir. 2000), quoting 
Sarit v. United States Drug Enforcement Administration
, 987 F. 2d 10, 14 (1st
 Cir. 1993).  This court has specifically held that notice falls short of due process where "later developments charge the State with knowing that it is not reasonably likely that the party has received the notice.  If the State does not then take reasonable measures to try to notify the party at his correct address, it has not accorded the party due process." 
In re Forfeiture
, 326 Ill. App. 3d at 14.  It is not necessary that the party serving the notice "go to heroic lengths, and its efforts may satisfy due process even if they do not result in actual notice."  
In re Forfeiture
, 326 Ill. App. 3d at 14.    

In the case at bar, according to the statement of grounds prepared by the Department, the following requests for records were made to plaintiff: February 22, 2000, standard mail request; March 27, 2000, standard mail request; May 1, 2000, certified mail request and standard mail request; May 17, 2000, certified mail request and standard mail request; June 8, 2000, hand-delivered request for medical records.  The May 1, 2000, and the May 17, 2000, certified requests were returned unclaimed.  On September 20, 2000, notice was sent by certified mail, return receipt requested.  The receipt was returned with a signature, albeit an illegible signature, and a delivery date of September 21, 2000.  

After reviewing the record, we find that plaintiff received proper notice under the due process requirements of the fourteenth amendment.  As previously stated, plaintiff bears the burden of showing that notice was not sent to his business address.  Plaintiff has not satisfied this burden in that he has not presented evidence that the Department knew or had reason to know that none of the three addresses constituted his business address.  Of the utmost important is the fact that the return receipt was returned to the Department both signed and dated.  The return of this receipt bolsters the contention that the Department had no reason to suspect that plaintiff had not been notified.  Based on these facts, we hold that the Department satisfied the due process requirements.

Plaintiff makes much of the fact that the notices sent to South Shore Hospital did not contain a specific room number or suite number but, rather, were sent to the hospital generally.  Plaintiff contends that notice sent to a hospital, where many doctors are on staff, is not reasonably calculated to result in actual notice to a particular doctor.  We disagree and note that plaintiff offers no case law whatsoever in support of his argument.        

Plaintiff also makes issue of the fact that the signature on the return receipt is illegible.  According to plaintiff, where the signature on a return receipt is illegible, actual notice cannot be assumed.  In response to plaintiff's contention, we remind plaintiff that the regulations governing notice in the case at bar do not require a return receipt.  Throughout plaintiff's argument before this court, he continually forgets that section 104.230(b) simply requires certified mail, registered mail, 
or
 personal service.  Since a return receipt is not required, it logically follows that a signature on the return receipt is not necessary for us to find proof of service.  Consequently, whether the signature on the return receipt is legible is not at issue in the case at bar.   

We find that despite the fact that proper notice was sent to plaintiff, he failed to request a hearing and failed to appear at the hearing scheduled in the notice.  Due to plaintiff's inaction, his eligibility to participate in the Medical Assistance Program was terminated by default.  Further, because plaintiff was terminated by default, under section 3-102 of the Administrative Review Law, plaintiff is precluded, on appeal, from raising any issues other than notice.  In pertinent part, section 3-102 provides:

"If under the terms of the Act governing the procedure 

before an administrative agency an administrative decision

has become final because of the failure to file any 

document in the nature of objections, protests, petition 

for hearing or application for administrative review within

the time allowed by such Act, such decision shall not be 

subject to judicial review hereunder excepting only for 

the purpose of questioning the jurisdiction of the 

administrative agency over the person or subject matter."

735 ILCS 5/3-102 (West 2000).

This court has held that section 3-102 "prohibits judicial review of time-barred claims and those petitions for appeal which have not complied with the procedures described in the Administrative Review Law." (Emphasis omitted.) 
Castaneda v. Illinois Human Rights Comm'n
, 132 Ill. 2d 304, 320 (1989).  Furthermore, this court found that section 3-102 requires an aggrieved party to either "use the procedural tools which the administrative statutes and rules provide them, or to forfeit their opportunity to obtain review in a court." 
Castaneda
, 132 Ill. 2d at 420. 

In 
Department of Public Aid ex rel. Hartigan v. Hokin
, 175 Ill. App. 3d 646, 650 (1988), this court relied on the Administrative Code when it stated "if an administrative decision has become final because of a party's default, then that decision shall not be subject to judicial review, except only for the purpose of attacking the agency's jurisdiction over the person or subject matter."  Moreover, section 104.285(a) of the Administrative Code provides:

"(a) If the vendor, without good cause, fails 

to appear at a hearing or formal conference scheduled

by the Department, or fails to proceed at a hearing,

the Department's action or decision and the grounds

asserted as the basis therefor shall be a final and binding

administrative decision." 89 Ill. Adm. Code §104.285(a) 

(2000).

The parties do not dispute that plaintiff failed to request a hearing or appear at the October 16, 2000, hearing scheduled by the Department.  Therefore, pursuant to the well established law of this State, we hold that the decision of the administrative law judge became final due to plaintiff's inaction.  Since the October 16, 2000, decision is final, we hold that plaintiff, on appeal, can only contest personal and subject matter jurisdiction.  Implicit in plaintiff's argument regarding whether he received notice is the issue of whether the Department had personal jurisdiction over him.  For these reasons, we need not address whether there was sufficient evidence for the Department to terminate plaintiff's eligibility, whether the Department properly notified plaintiff of its final decision, or whether the trial court properly denied plaintiff's request for a remand.  However, the final issue we will address is plaintiff's alternative argument: whether the Department gave him proper notice of its motion for default.

In the alternative to plaintiff's argument that the notice of termination and the accompanying statement of grounds were improperly served, plaintiff argues that he should have been given notice of the Department's motion for default.  We agree with the Department's contention that the notice of termination and statement of grounds, which were properly served upon plaintiff, provided plaintiff with adequate notice that a final and binding default judgment could be entered against him. 

The notice of termination provided in pertinent part:

"Pursuant to 89 Ill. Adm. Code, Chap. I, 

Section 104.210, the Vendor has a right to request

a hearing.  The request must be in writing and must 

contain a brief statement of the basis upon which the 

Department's actions are being challenged.  If a timely

and proper request for hearing is received, an Administrative

Hearing has been scheduled to commence at the hour of 

10:30 a.m. on October 16, 2000, at the offices of the Illinois 

Department of Public Aid, located at 401 South Clinton Street,

Sixth Floor, Room 6A, Chicago, Illinois.

* * * 

If such a request is not received within ten (10) days 

of the receipt of this notice or is received but later withdrawn 

then, pursuant to 89 Ill. Adm. Code, Chap. I, Section 104.210, 

the Department's decision and the grounds asserted as the basis

therefore (attached Statement of Grounds) shall be a final and

binding administrative determination."

We hold that the language contained in the notice and statement of grounds adequately informed plaintiff that if he did not appear at the October 16, 2000, hearing, the Department's decision, based on the reasoning set forth in the statement of grounds, would be final and binding.  Administrative default procedures of this type are routinely employed, consequently, we will not address this issue in further detail. See 
Metz v. Illinois State Labor Relations Board
, 231 Ill. App. 3d 1079 (1992); 
Mattoon Community Unit School District No. 2 v. Illinois Education Labor Relations Board
, 193 Ill. App. 3d 875 (1990). 

Pursuant to the regulations set forth in the Administrative Code, it is clear that plaintiff was provided proper notice and was properly defaulted.  Thus, for the foregoing reasons, we affirm the trial court's decision to uphold the ruling of the administrative court.

Affirmed.

CAMPBELL, P.J., and QUINN, J., concur.