# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *O'Halloran v. Luce*, 2013 IL App (1st) 113735

---

| | |
|---|---|
| Appellate Court Caption | MARGARET O'HALLORAN, as Special Administrator of the Estate of Henry LeGear, deceased, Plaintiff-Appellee, v. DANA LUCE, Defendant, (Robert F. Harris, Cook County Public Guardian, as Limited Guardian of the Estate of Dana Luce, a Disabled Person, Defendants-Appellants). |
| District & No. | First District, First Division<br>Docket No. 1-11-3735 |
| Filed | March 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action by the administrator of a deceased person's estate seeking to recover from the owner of the house in which the deceased resided based on the claim that the disabled owner's negligent maintenance of the house caused a fire that resulted in the deceased's death, the question certified by the trial court pursuant to Supreme Court Rule 308 as to whether service on the disabled owner by publication satisfied due process under the circumstances was answered in the negative, since the public guardian, had standing to appeal from the entry of a default judgment against the disabled person and service by publication was not consistent with due process, especially when the public guardian had lost contact with the disabled person, there was no evidence the disabled person would have understood the published notice of the suit if he saw it, and service by publication could not have been reasonably calculated to apprise a person in the disabled person's situation with the consequences of plaintiff's lawsuit. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 98-L-12620; the Hon. Irwin J. Solganick and the Hon. William D. Maddux, Judges, presiding. |

| | |
|---|---|
| Judgment | Question answered; cause remanded. |
| Counsel on Appeal | SmithAmundsen, LLC, of Chicago (Michael Resis, Ellen L. Green, and Nicholas G. Kourvetaris, of counsel), for appellants. |
| | McVey & Parsky, of Chicago (John M. O'Halloran, of counsel), for appellee. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1     This appeal arises from a December 12, 2011 order entered by the circuit court of Cook County which denied the motion to reconsider an order denying the defendant's motion to quash service filed by defendant-appellant Robert F. Harris, Cook County public guardian (Public Guardian), as limited guardian of the estate of Dana Luce, a disabled person. The appeal arose prior to the resolution of the underlying case and presented a certified question to this court pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). Specifically:

"Whether service by publication pursuant to and upheld by this court's September 13, 2010 and November 3, 2011 orders under section 2-203.1 of the Illinois Code of Civil Procedure satisfies due process under all of the circumstances in this case."

This case presents a procedurally interesting and complicated set of facts and circumstances of first impression. On appeal, the Public Guardian argues that: (1) he has standing to challenge the trial court orders that authorized service by publication; and (2) service by publication on a mentally disabled individual does not satisfy due process. For the following reasons, we answer the certified question in the negative and remand the matter to the circuit court of Cook County for further proceedings consistent with this opinion.

¶ 2                                          BACKGROUND

¶ 3     The underlying case arose from a November 12, 2008 complaint filed in the circuit court of Cook County by plaintiff-appellee Margaret O'Halloran (O'Halloran), as special administrator of the estate of Henry LeGear, against defendants-appellants Dana Luce (Luce) and the Public Guardian. Subsequently, the trial court dismissed the Public Guardian as a party-defendant with prejudice and granted O'Halloran permission to serve Luce by publication. On June 22, 2011, the trial court entered a default judgment against Luce. The

trial court ordered the Public Guardian to appear and represent Luce. The Public Guardian then filed a motion to quash service by publication, which the trial court denied. On December 5, 2011, the Public Guardian filed a motion to reconsider. The trial court denied the Public Guardian's motion to reconsider, but certified a question of law to this court pursuant to Rule 308. This appeal followed.

¶ 4     On April 11, 2002, an order was entered by the circuit court of Cook County which appointed the Public Guardian as limited guardian of the estate of Luce. The order stated "the Public Guardian has authority to investigate and secure all assets and has authority over all assets over $1,000.00." On September 25, 2002, O'Halloran's decedent, Henry LeGear, died as a result of a fire that occurred in a residence located at 634 Prairie Avenue in Wilmette, Illinois (Wilmette residence). The building was apparently owned by Luce. On September 10, 2004, O'Halloran, as special administrator of the estate of Henry LeGear, filed a complaint against Luce and the Public Guardian under case number 04 L 10299 (original complaint).[1] She named both Luce and the Public Guardian as defendants. In response to the original complaint, the Public Guardian filed a motion to dismiss himself as a party-defendant.[2] On April 8, 2005, the trial court granted the Public Guardian's motion to dismiss with prejudice. The court further ordered that "the [Public Guardian] is barred from arguing their lack of involvement in this case as a basis for challenging any future award in this case, if any is awarded." On November 16, 2007, O'Halloran voluntarily dismissed the original complaint.

¶ 5     On November 12, 2008, O'Halloran refiled her complaint against Luce and the Public Guardian under case number 08 L 12620 (refiled complaint). Again, she named both Luce and the Public Guardian as defendants. O'Halloran alleged that at the time of the fire, Luce owned or had a beneficial interest in, possessed, maintained and controlled the Wilmette residence where the fire occurred. Further, O'Halloran alleged that LeGear died as a result of Luce's negligence in failing to maintain the electrical system and failing to ensure that adequate and operable smoke detectors were located in the Wilmette residence. Count I alleged negligence and sought damages against Luce and the Public Guardian because LeGear's cause of action for his injuries caused by the fire survived to his estate pursuant to section 27-6 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/27-6 (West 2002)). Count II alleged negligence and sought damages against Luce and the Public Guardian under the Wrongful Death Act (740 ILCS 180/1 (West 2002)). In response to the refiled complaint, the Public Guardian again filed a motion to dismiss himself as a party-defendant.[3] In his motion to dismiss, the Public Guardian argued that he should be dismissed as a defendant from the

---

[1]The original complaint is not contained in the record on appeal. This action was refiled on November 12, 2008, under case number 08 L 12620.

[2]Despite careful review of the record, we cannot ascertain the date on which this motion to dismiss was filed.

[3]Despite careful review of the record, we cannot ascertain the date on which this motion to dismiss was filed.

refiled complaint because: (1) the claims alleged against him were barred by *res judicata*; (2) the claims alleged against him were barred by the one-year statute of limitations pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101 (West 2002)); (3) O'Halloran failed to state a cause of action because she cited no law that created a duty on the part of the Public Guardian; and (4) O'Halloran failed to state a cause of action because there was no allegation that the Public Guardian owned the Wilmette residence. On June 11, 2009, the trial court granted the Public Guardian's motion to dismiss the refiled complaint with prejudice.

¶ 6    On September 13, 2010, O'Halloran filed a motion for leave to utilize alternative means of service for the refiled complaint, pursuant to section 2-203.1 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-203.1 (West 2010)). Specifically, O'Halloran requested the court's permission to serve Luce by publication. O'Halloran's motion for alternative service by publication claimed that since August 2004, Luce had lived as a homeless person in the area of Evanston, Illinois. O'Halloran further claimed that when the original complaint was filed, Luce could not be located by investigators. O'Halloran argued that in order to serve Luce in the refiled complaint, she had searched the Internet, inquired of the Wilmette police department and hired an investigator, but was still unable to locate Luce. Thus, O'Halloran argued that the only available means of service was by publication. On that same day, the trial court granted O'Halloran's motion for alternative service by publication.

¶ 7    On November 4, 11, and 18, 2010, the notice of suit appeared in local newspapers published by the Pioneer Press. The notice stated that Luce was required to file an appearance by December 10, 2010. Luce did not file an appearance. On January 11, 2011, O'Halloran filed a motion for a default judgment.

¶ 8    On February 8, 2011, the trial court entered a case management order which stated that O'Halloran was to hire a special process server for the purpose of effectuating personal service on Luce. On February 16, 2011, the trial court appointed David H. Will (Will) as special process server for the purpose of effectuating personal service on Luce. On March 17, 2011, Will sent a letter to O'Halloran explaining that he was unable to locate Luce. Will stated that he had previously investigated Luce in 2004 on behalf of the Public Guardian, and was only able to contact Luce at soup kitchens in the area of Evanston, Illinois. Will returned to the soup kitchens and spoke with volunteers and patrons regarding Luce's location, however, he was unable to locate Luce. Will then searched public record sources and learned that an individual named Dana Luce had filed civil suits in the United States District Court for the Western District of Washington at Tacoma in 2006, 2008, and 2010. Will was not able to determine if this individual was the same person who is at issue in this case.

¶ 9    On June 22, 2011, the trial court entered a default judgment against Luce. On July 20, 2011, the probate court entered an order which stated:

"IT IS HEREBY ORDERED that the [Public Guardian] shall appear and represent Dana Luce in case no. 08 L 12620.

THE COURT FINDS this to be in the best interest of the estate of Dana Luce."

On July 21, 2011, the Public Guardian filed a motion to vacate the default judgment entered on June 22, 2011, and for extension of time to answer or otherwise appear (motion to vacate

-4-

and for extension of time to answer or otherwise appear). On July 28, 2011, the Public Guardian filed a motion for leave to file an appearance. Also, on July 28, 2011, the Public Guardian filed a motion to quash the service of summons and vacate the order of September 13, 2010 (motion to quash service), which had authorized service of the refiled complaint by publication. In his motion to quash service, the Public Guardian argued that in this case, the trial court did not have jurisdiction over Luce because the method of service that was used did not satisfy the requirements of due process.

¶ 10    On July 29, 2011, the trial court held a hearing on the Public Guardian's motion to quash service. On September 21, 2011, O'Halloran filed a response to the Public Guardian's motion to quash service. On October 21, 2011, the Public Guardian filed a reply in support of his motion to quash service. On November 3, 2011, following oral argument on the motion to quash service, the trial court denied the Public Guardian's motion to quash service.

¶ 11    On December 5, 2011, the Public Guardian filed a motion to reconsider the court's November 3, 2011 order, or alternatively, to request that the trial court certify a question of law for appeal pursuant to Rule 308.[4] On December 12, 2011, the trial court denied the Public Guardian's motion to reconsider, but granted the Public Guardian's motion to certify a question of law to this court, pursuant to Rule 308. The trial court found that there exists substantial grounds for differences of opinion. The following question was certified by the circuit court:

"Whether service by publication pursuant to and upheld by this court's September 13, 2010 and November 3, 2011 orders under section 2-203.1 of [the Code] satisfies due process under all of the circumstances in this case."

Further, the trial court found that an immediate appeal may materially advance the resolution of remaining litigation.

¶ 12    On December 23, 2011, the Public Guardian filed an application for leave to appeal to this court pursuant to Rule 308. On January 11, 2012, this court granted the Public Guardian's Rule 308 application for leave to appeal. On January 27, 2012, O'Halloran filed an answer to the Public Guardian's application for leave to appeal pursuant to Rule 308. Therefore, this court has jurisdiction to consider the certified question of law on appeal pursuant to Rule 308.

¶ 13                                   ANALYSIS

¶ 14    We determine the following issues on appeal: (1) whether the Public Guardian had standing to file an application for leave to appeal pursuant to Rule 308; and (2) whether service by publication as authorized by the trial court satisfied due process under all of the circumstances of this case.

---

[4]We note that the Public Guardian's December 5, 2011 motion to reconsider was filed more than 30 days after the trial court's November 3, 2011 order. However, the motion to reconsider was timely because the thirtieth day after the trial court's November 3, 2011 order fell on a weekend, and the Public Guardian filed the motion on the following Monday. See 5 ILCS 70/1.11 (West 2010).

¶ 15     As a preliminary matter, before we address the certified question, we first determine whether the Public Guardian had standing to file an application for leave to appeal pursuant to Rule 308.

¶ 16     O'Halloran first argues that the Public Guardian did not have standing to file an application for leave to appeal pursuant to Rule 308 because he did not file an appearance for Luce after the default judgment was entered against Luce. Specifically, O'Halloran argues that after the default judgment was entered against Luce on June 22, 2011, the trial court entered another order on July 20, 2011 that stated "the [Public Guardian] shall appear and represent Dana Luce." O'Halloran points out that the Public Guardian's subsequent motion to vacate and for extension of time to answer or otherwise appear, and motion to quash service, were filed on behalf of the Public Guardian and not on behalf of Luce individually. O'Halloran contends that the Public Guardian did not file an appearance for Luce individually, thus, he does not have standing to appeal on behalf of Luce.

¶ 17     O'Halloran next argues that the Public Guardian did not have standing to file an application for leave to appeal pursuant to Rule 308 because he forfeited his argument that the trial court lacked jurisdiction over Luce. O'Halloran acknowledges that the Public Guardian's July 28, 2011 motion to quash service argued that the trial court did not have jurisdiction over Luce because service by publication was invalid. However, O'Halloran points out that after the default judgment was entered, the Public Guardian's first responsive pleading was the July 21, 2011 motion to vacate and for extension of time to answer or otherwise appear. In the July 21, 2011 motion to vacate and for extension of time to answer or otherwise appear, the Public Guardian did not challenge the trial court's jurisdiction over Luce. O'Halloran argues that because the Public Guardian did not challenge the trial court's jurisdiction over Luce in the first responsive pleading after the default judgment was entered, he forfeited the argument that the trial court lacked jurisdiction over Luce. O'Halloran claims that if the Public Guardian's jurisdiction argument is forfeited, then there is no basis on which he could have filed an application for leave to appeal pursuant to Rule 308.

¶ 18     Further, O'Halloran argues that the Public Guardian did not have standing to file an application for leave to appeal pursuant to Rule 308 because the trial court's April 8, 2005 order barred the Public Guardian from challenging the default judgment. The trial court's April 8, 2005 order dismissed the Public Guardian as a party in the original complaint and also stated "the [Public Guardian] is barred from arguing their lack of involvement in this case as a basis for challenging any future award in this case, if any is awarded." O'Halloran argues that because the default judgment was entered after the trial court's April 8, 2005 order, the Public Guardian was barred from challenging the default judgment entered against Luce. O'Halloran asserts that if the Public Guardian was barred from challenging the default judgment, then he was also unable to file an application for leave to appeal pursuant to Rule 308.

¶ 19     In response, the Public Guardian argues that he did have standing to file an application for leave to appeal pursuant to Rule 308, even though he did not file an appearance for Luce individually. The Public Guardian argues that after the default judgment was entered, he participated in the refiled complaint in a representative capacity as the guardian of Luce's estate. The Public Guardian points out that he has authority over all assets in Luce's estate

valued at over $1,000. The Public Guardian contends that the refiled complaint does not seek to recover damages valued at less than $1,000 from Luce personally. Rather, the refiled complaint seeks to recover damages from assets held in Luce's estate valued at over $1,000. Thus, the Public Guardian argues that the refiled complaint attacked his interests as a guardian of Luce's estate. The Public Guardian asserts that because the refiled complaint attacked his interests, he had standing to appeal pursuant to Rule 308.

¶ 20    The Public Guardian also argues that he did not forfeit his argument that the trial court lacked jurisdiction over Luce because the service of process was invalid. The Public Guardian points out that after the default judgment was entered, his first responsive pleading was the July 21, 2011 motion to vacate and for extension of time to answer or otherwise appear. The Public Guardian asserts that pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2010)), a party does not forfeit his right to challenge the court's jurisdiction if his first responsive pleading after the entry of a default judgment is a motion for an extension of time to answer or otherwise appear. Therefore, the Public Guardian argues that because he did not forfeit his jurisdiction argument, he had standing to file a petition in the court, pursuant to Rule 308.

¶ 21    The Public Guardian next argues that the trial court's April 8, 2005 order did not bar him from challenging the default judgment. The trial court's April 8, 2005 order stated that the Public Guardian would not be allowed to argue his "lack of involvement" as a basis for challenging any future award entered in this case. The Public Guardian contends that he is not arguing his lack of involvement as a basis for challenging the default judgment. Rather, the Public Guardian argues that he is challenging the entry of a default judgment by the trial court based on the trial court's lack of jurisdiction over Luce as a result of what he asserts is invalid service by publication. Also, the Public Guardian claims that although he was dismissed as a party in both the original complaint and the refiled complaint, he was still involved in the case as the guardian of Luce's estate which contained assets sought by O'Halloran. The Public Guardian argues that because the trial court's April 8, 2005 order did not bar him from challenging the default judgment, he had standing to file a Rule 308 application.

¶ 22    We do not agree with O'Halloran's arguments that the Public Guardian lacked standing to file a petition in this court, for leave to appeal pursuant to Rule 308. "The doctrine of standing requires that a party, either in an individual or representative capacity, have a real interest in the action brought and in its outcome." *In re Estate of Wellman*, 174 Ill. 2d 335, 344, 673 N.E.2d 272, 276 (1996). "The essence of the inquiry regarding standing is whether the litigant, either in an individual or representative capacity, is entitled to have the court decide the merits of a dispute or a particular issue." *Id*. at 345, 673 N.E.2d at 276.

¶ 23    On April 11, 2002, the Public Guardian was appointed as the guardian of Luce's estate and was given authority over all of Luce's assets valued at over $1,000. In both the original complaint and the refiled complaint, O'Halloran sought to recover damages valued at over $1,000 from the assets of Luce's estate. Thus, O'Halloran's complaints were essentially actions brought against Luce's estate. Although the Public Guardian was dismissed as a party from both the original complaint and the refiled complaint, the trial court entered an order directing the Public Guardian to appear and represent Luce in the refiled complaint after the

-7-

default judgment was entered. The parties agree that the trial court had the authority to order the Public Guardian to appear and represent Luce pursuant to section 11a-18(c) of the Probate Act (755 ILCS 5/11a-18(c) (West 2010)). Specifically, section 11a-18(c) of the Probate Act states, in pertinent part:

> "(c) The guardian of the estate of a ward shall appear for and represent the ward in all legal proceedings unless another person is appointed for that purpose as guardian or next friend. This does not impair the power of any court to appoint a guardian ad litem or next friend to defend the interests of the ward in that court, or to appoint or allow any person as the next friend of a ward to commence, prosecute or defend any proceeding in his behalf." 755 ILCS 5/11a-18(c) (West 2010).

¶ 24        The Public Guardian filed an appearance and multiple motions as guardian of Luce's estate. Although the Public Guardian did not file an appearance for Luce individually, he participated in the refiled complaint in his representative capacity as the guardian of Luce's estate, and he certainly had an interest in the outcome of the refiled complaint. We hold that under these facts and circumstances, the Public Guardian had standing to file an application for leave to appeal pursuant to Rule 308.

¶ 25        Further, the Public Guardian did not forfeit his argument that the trial court lacked jurisdiction over Luce because the service by publication was invalid. Section 2-301 of the Code states:

> "(a) Prior to the filing of any other pleading or motion *other than a motion for an extension of time to answer or otherwise appear*, a party may object to the trial court's jurisdiction over the party's person, *** on the ground of insufficiency of process or insufficiency of service of process *** by filing a motion to quash service of process. *Such a motion may be made singly or included with others in a combined motion ***.*
>
> (a-5) If the objecting party files a responsive pleading or motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), the party waives all objections to the court's jurisdiction over the party's person." (Emphases added.) 735 ILCS 5/2-301(a), (a-5) (West 2010).

In this case, the default judgment was entered on June 22, 2011. On July 21, 2011, the Public Guardian filed his first responsive pleading, which was a motion to vacate and for extension of time to answer or otherwise appear. On July 28, 2011, the Public Guardian filed a motion for leave to file an appearance. Also, on July 28, 2011, the Public Guardian filed his motion to quash service. In the motion to quash service, the Public Guardian argued that the trial court did not have jurisdiction over Luce in the refiled matter because the service by publication was invalid. Because his first responsive pleading was a motion for extension of time to answer or otherwise appear, the Public Guardian did not forfeit his argument that the trial court lacked jurisdiction over Luce. O'Halloran's argument that the Public Guardian forfeited his right to challenge jurisdiction is without merit. See *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 11.

¶ 26        Moreover, the trial court's April 8, 2005 order did not bar the Public Guardian from challenging the default judgment. The trial court's April 8, 2005 order stated that the Public Guardian would not be allowed to argue his "lack of involvement" as a basis for challenging

-8-

any future award entered in this case.

¶ 27 The entire essence of the Public Guardian's arguments in his pleadings following the default judgment is that the trial court did not have jurisdiction over Luce because it improperly authorized service by publication. The Public Guardian maintained his role as guardian of Luce's estate at all times throughout the original complaint and the refiled complaint. Also, the Public Guardian was directed to participate in the refiled complaint after the entry of the default judgment. At no point did the Public Guardian argue his lack of involvement as a basis for challenging the default judgment. We find no merit to O'Halloran's argument that the trial court's April 8, 2005 order barred the Public Guardian from challenging the default judgment. We hold that the Public Guardian had standing to file an application for leave to appeal pursuant to Rule 308.

¶ 28 We next address the certified question of law presented by the trial court on December 12, 2011. The certified question is:

"Whether service by publication pursuant to and upheld by this court's September 13, 2010 and November 3, 2011 orders under section 2-203.1 of [the Code] satisfies due process under all of the circumstances in this case."

¶ 29 The Public Guardian argues that this court should answer the certified question in the negative because in this case, service by publication on an adult adjudicated to be disabled does not satisfy the requirements of due process. The Public Guardian asserts that service by publication did not satisfy due process because it could not have been reasonably calculated to give Luce notice of the refiled complaint. The Public Guardian contends that under the circumstances of this case, the chances that Luce resided in the community where the notice of suit was published, read the notice, and understood the notice were very remote. Further, the Public Guardian argues that in a personal injury action, alternative methods of service of process can only be utilized through a special order of the court under section 2-203.1 of the Code. Therefore, the Public Guardian argues that service by publication is not recognized as a proper means of service.

¶ 30 In response, O'Halloran argues that this court should answer the certified question in the positive because in this case, service by publication satisfied due process. O'Halloran points out that the Public Guardian, as an interested party, had notice of the original complaint and the refiled complaint but chose to file a motion to dismiss in both matters. O'Halloran also highlights the facts that the Public Guardian provided Luce's last known address as the Wilmette residence where the fire occurred, and Luce's whereabouts have been unknown for years. O'Halloran emphasizes that even after the trial court allowed service by publication, she hired an investigator who was familiar with Luce to try and locate him but the investigator was unsuccessful. O'Halloran argues that section 2-203.1 of the Code was designed for situations similar to the instant case in which there are no plausible options for service other than service by publication. Further, she contends that the Public Guardian did not cite any Illinois cases which have held that service by publication is unconstitutional. O'Halloran argues that in determining whether a method of service is constitutional, the question is not whether the method of service actually succeeded in notifying the defendant but, rather, whether the method of service was reasonably calculated to do so. Therefore,

O'Halloran argues that under the circumstances of this case, service by publication satisfied due process.

¶ 31     When reviewing certified questions of law pursuant to Rule 308, the appellate court applies the *de novo* standard of review. *In re Commitment of Weekly*, 2011 IL App (1st) 102276, ¶ 36, 956 N.E.2d 634. There are two main purposes of service of process. *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 31, 847 N.E.2d 126, 131 (2006). First, service of process gives notice to those whose rights are about to be affected by the plaintiff's action. *Id*. "Second, it vests jurisdiction in the court over the person whose rights are to be affected by the litigation." *Id*. If a defendant is not served with process as required by law then the court has no jurisdiction over the defendant, and any default judgment entered against the defendant is void. *Id*. at 32, 847 N.E.2d at 132.

¶ 32     "In Illinois, personal jurisdiction may be obtained by service of process as provided by statute." *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 367, 747 N.E.2d 524, 530 (2001). Sections 2-203(a)(1) and (a)(2) of the Code (735 ILCS 5/2-203(a)(1), (2) (West 2010)) provide for service of process on individuals by leaving a copy of the summons with the defendant personally, or by leaving a copy at the defendant's usual place of abode with a family member or person residing there over the age of 13. *Schmitt*, 321 Ill. App. 3d at 367, 747 N.E.2d at 530. Section 2-203.1 of the Code states that if personal service under sections 2-203(a)(1) and (a)(2) is impractical, the plaintiff may file a motion requesting that the court authorize another method of service to be made in any manner consistent with due process. 735 ILCS 5/2-203.1 (West 2010). " 'Notice is a fundamental requirement of due process.' " *Hwang v. Department of Public Aid*, 333 Ill. App. 3d 698, 707, 776 N.E.2d 801, 809 (2002) (quoting *East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel*, 178 Ill. 2d 399, 420, 687 N.E.2d 1050, 1062 (1997)). In order to satisfy due process, "notice must be reasonably calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Hwang*, 333 Ill. App. 3d at 707, 776 N.E.2d at 809 (quoting *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 432, 551 N.E.2d 640, 648 (1990)).

¶ 33     We note that in support of his argument, the Public Guardian cited numerous cases decided by the United States Supreme Court, and one Illinois Appellate Court case. See *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800 (1983) (holding that statutory provision regarding tax sale that required only notice by publication was invalid because notice by mail or other means to ensure actual notice is a minimum constitutional precondition to a proceeding that will affect the property interests of a party); *Covey v. Town of Somers*, 351 U.S. 141, 146 (1956) (holding that compliance with statutory notice requirements for a tax lien foreclosure violated due process because it did not afford notice to an incompetent person who was not protected by a guardian); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319-20 (1950) (holding that notice by publication was inadequate to inform known beneficiaries of a common trust fund of the proposed judicial settlement of certain accounts by the trustee); *In re Application of the County Collector for Judgment & Order Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1982 & Prior Years*, 188 Ill. App. 3d 1068, 1077, 545 N.E.2d 145, 150 (1989) (holding that service on an incompetent person in compliance with statutory

-10-

requirements regarding a tax sale violated due process because the incompetent person was without a guardian and could not understand that she was being served). However, none of the cases cited by the Public Guardian are analogous or applicable to the case at bar. Thus, we cannot look to these cases for guidance.

¶ 34    In support of her argument, O'Halloran mainly relies on the case *In re Application of the County Collector*, 225 Ill. 2d 208, 227-31, 867 N.E.2d 941, 950-53 (2007) (hereinafter *Lowe*) (holding that compliance with statutory provisions regarding tax sale was sufficient to give mentally disabled person notice of the hearing in which title of her property was conveyed because plaintiff expended substantial effort to locate disabled person in addition to statutory provisions). O'Halloran also argues that *Mennonite* and *Mullane* do not support the Public Guardian's argument. While we agree that *Mennonnite* and *Mullane* do not further the Public Guardian's argument, we find that *Lowe* is likewise distinguishable and inapplicable to the instant case. Therefore, we are not persuaded by the court's reasoning in *Lowe*.

¶ 35    The parties have not cited any cases and this court is not aware of an Illinois case that contains facts, circumstances and ultimate resolution which is analogous to the case at bar. However, it is clear that sections 2-203(a) and 2-203.1 of the Code and the principles of due process are applicable to the instant case. As previously discussed, the notice requirement for due process is: "notice must be reasonably calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Hwang*, 333 Ill. App. 3d at 707, 776 N.E.2d at 809 (quoting *Stratton*, 133 Ill. 2d at 432, 551 N.E.2d at 648). O'Halloran is correct in stating that section 2-203.1 of the Code allows for service by *any manner* consistent with due process when personal service is not possible. However, under the specific and unique circumstances of this case, service by publication was not consistent with due process. Therefore, the trial court erred in allowing service by publication.

¶ 36    The record reveals that after the fire at the Wilmette residence which gave rise to the original complaint, the Public Guardian lost contact with Luce. O'Halloran claims that Luce has been living as a homeless person since 2004. Luce's whereabouts were unknown at the time when the notice of suit appeared in local newspapers. After the notice of suit was published, an investigator who was familiar with Luce attempted to locate him at the soup kitchens that Luce previously frequented. Volunteers and patrons at the soup kitchens stated that they had not seen Luce for years. There is no evidence to suggest that Luce was even living in the area where the newspapers published the notice of suit. Moreover, if Luce had somehow accessed the newspapers containing the notice of suit, there is no evidence that he would have understood the notice of suit if he saw it. Luce had long since been adjudicated a disabled person and the Public Guardian had been appointed to manage all of his assets valued at over $1,000. Clearly, the reason for the adjudication of disability was because Luce was incapable of managing his affairs. Under these circumstances even if he had seen the published notice, he likely would not have understood what it meant. We acknowledge the difficulties O'Halloran experienced in attempting to locate Luce. However, those difficulties do not change the fact that service by publication cannot be reasonably calculated to apprise an individual in Luce's circumstances of the legal ramifications of a lawsuit. Therefore, we answer the certified question in the negative and hold that service by publication in this case

did not satisfy due process.

¶ 37 Accordingly, we vacate the trial court's November 3, 2011 order which denied the Public Guardian's motion to quash service; the trial court's June 22, 2011 order which entered a default judgment against Luce; and the trial court's September 13, 2010 order which authorized service by publication. We remand this matter to the trial court for further proceedings consistent with this opinion.

¶ 38 Question answered; cause remanded.